## STATE v. ETTER.

Under Code Civ. Proc. § 807, providing for bastardy proceedings, it is not necessary that complainant or her bastard child be residents of the state to maintain bastardy proceedings against a putative father, where the proceeding is instituted in the county of her residence.

(Opinion filed, Feb. 9, 1910.)

Appeal from Circuit Court, Spink County.  Hon. ALVA E. TAYLOR, Judge.

Bastardy proceedings by the State against Frank E. Etter. From a judgment for the state, and an order denying a new trial, defendant appeals.  Affirmed.

*N. P. Bromley,* for appellant.  *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *Wm. Issenhuth, State's Atty.,* for the State.

McCOY, J.  This is a bastardy proceeding against defendant, Frank E. Etter.  He was found guilty by verdict of the jury, judgment entered against him, motion for new trial denied, and he has brought the cause to this court on appeal.

The appellant contends that because the complaining witness, Lillian Anderson, and her bastard child were both residents of the state of Minnesota at the time this proceeding was commenced, the same cannot be maintained in the courts of this state against the defendant, who is a resident of Spink county. We are of the opinion that this contention is not tenable.  It appears from the record that the child was begotten during the month of September, 1907, in Hughes county, this state, where the complaining witness was then residing and employed as a domestic, and that afterwards she went to reside with her parents in the state of Minnesota, where she and the child have since remained.  It also appears that the defendant at the time this proceeding was commenced was a resident of Redfield, Spink county.  Section 307, Code Civ. Proc., provides that when an unmarried woman shall be delivered of a child, which by law would be deemed a bastard, and shall make complaint to a justice of the peace of the county where she may be delivered, or the person accused may be found, and shall accuse under oath a person of being the father of such child, it shall be the duty of the justice to issue a warrant, etc.  There is nothing in this section of the statute requiring the mother or the child to be a resident of this state as a condition precedent to maintaining the action, while this section of the statute expressly provides that the suit may be maintained in the county where the accused may be found.  This court has held in State v. Patterson, 18 S. D.

251, 100 N. W. 162, that the obligation of the father to support a bastard child grows out of the parental relation existing between him and the child, and that it is immaterial, so far as the obligation is concerned, whether the child was born out of the state or not.    It is the father's duty to support his children, legitimate or illegitimate; and, because he is liable to neglect that duty in the latter case, the law enforces the obligation by proceedings under the bastardy acts.    The case of Hodge v. Sawyer, 85 Me. 285, 27 Atl. 153, in principle, on this question of residence is identical with the case at bar, and in that case the court said: "The defendant is a resident of this state.    It would be unreasonable to hold that he was not amenable to our laws because from distress the complainant sought shelter in her father's home in another state—the only place for her to go, outside the almshouse."    In Moore v. State, 47 Kan. 772, 28 Pac. 1072, 17 L. R. A. 714, it is held: "If the putative father is a resident of the state where the prosecution is commenced, the mother may make the complaint of bastardy against him, even if she and the child are residents of another state."    The proceeding being statutory, reference must be had to the statute of the particular state to determine jurisdictional questions. Generally a bastardy proceedings is a transitory action, unless there is some statute making it otherwise.    As a general rule, it is not necessary that the mother be a resident of the state in order to institute bastardy proceedings.    5 Cyc. 645-652; 3 Ency. Pl. Pr. 270.    Under a statute similar to ours it is not necessary that the complainant or her bastard child be residents of this state in order to institute and maintain bastardy proceedings against a putative father, where the proceedings is instituted in the county of his residence.    If the rule were otherwise, there might be no remedy where the accused took proper care to cross state lines at the proper time, or where the complainant and her child were, by force of circumstances, compelled to reside outside the state.

Examination of the record disclosing no reversible error, the judgment and order denying a new trial are affirmed.

WHITING, P. J., took no part in this decision.