STATE ex rel. PATTERSON, Respondent, v. PICKERING, Appellant.

(136 N. W. 105.)

**1. Bastardy Proceeding—Quasi Criminal—Civil Action—Limitations.**
  A bastardy proceeding under ch. 37, Code Civ. Proc., to compel an alleged father to support his illegitimate child is not quasi criminal, but is a civil action; and Code Civ. Proc., Sec. 86, as amended by ch. 129, Laws 1907, providing that all proceedings of a quasi-criminal or penal nature shall be filed within three years after commission of the offense, is not pleadable in bar of a bastardy proceeding.

**2. Nature of Action—Purpose of Proceeding.**
  . The nature of an action is determined, not so much by method of procedure followed, as by the end to be attained. A bastardy proceeding is brought, not to punish defendant for an offense, but to compel him to furnish money "for the support, maintenance and education" of a child, if he be proven to be its father; a civil proceeding.

**3.   Bastardy Proceeding—Venue.**

> In fixing the place for trial of a bastardy proceeding, it is immaterial where the cause of action arose, where the child was born, or where the mother or child may be domiciled at time action is brought.   **Dictum.**

(Opinion filed, May 7, 1912.)

Appeal from Circuit Court, Lawrence County.   Hon. WILIAM G. RICE, Judge.

Proceedings by the State, on the relation of Florence Patterson, against Emery D. Pickering, to compel defendant to support, etc., his alleged illegitimate child.   From a judgment for plaintiff, defendant appeals.   Affirmed.

*John T. Milck,* for Appellant.

In searching the reports one finds that many of the courts have held bastardy proceedings to be civil; but upon examining the opinions and the statutes a great difference is found to exist, and some statutes specifically state that the proceedings shall be civil. Thus owing to the variance in the several statutes and the conditions surrounding the questions before the courts it is impossible to harmonize the decisions.   Indiana holds the proceeding to be a civil one but the statute prescribes a civil procedure.   Iowa also holds the remedy to be civil, but there the defendant is brought into court by notice and no imprisonment follows.   Oklahoma declares the proceeding to be civil but no imprisonment follows the verdict.   Minnesota has said that the proceeding is not properly criminal, thereby admitting its dual nature.   Massachusetts formerly held the proceeding a pure criminal one and after a change in the statute holds it civil.   New York also deems the action a criminal one.   Reynolds v. State, (Ind.) 17 N. W. 909; State v. Johnson, (Iowa) 56 N. W. 404; Bell v. Territory, (Okla.) 56 Pac. 853; State v. Nichols, (Minn.) 13 N. W. 153; Smith v. Hayden, (Mass.) 6 Cush. 111; People v. Colegrove, (N. Y.) 45 N. Y. St. 100.

These are the leading courts that have held the bastardy statutes to be other than quasi-criminal; courts of equal weight have held them to be quasi-criminal.   Miller v. State, (Ala.) 20 So. 392; E. N. E. v. State, (Fla.) 6 So. 58; People v. Phalen,

(Mich.) 13 N. W. 830; Van Tassel v. State, (Wis.) 18 N. W. 328.

The appellant maintains that those courts holding statutes similar to that of the state of South Dakota, quasi-criminal, are correct. People v. Phalen, (Mich.) 13 N. W. 830; State v. Scott, 7 S. D. 162; State v. Bunker, 7 S. D. 641; Rex. v. Bowen, 5 T. R. 156, and 18 Elisab. c. 3, par. 2; 5 Cyc. 14 B. VII, Sec. 341, Ch. 28; Rev. Pen. Code, Sec. 119, Ch. 1; Title 2, Rev. Civ. Code.

Furthermore our code provides that civil actions shall be commenced by the issuance of summons, and criminal actions by warrant. By this test, bastardy actions are criminal. Judgments in civil suits are followed by levy of execution on property; in criminal actions by fine or imprisonment. Bastardy judgments followed by order to pay certain sums limited in amount as in any other finable offenses, or upon refusal to furnish undertaking for the amount, imprisonment, or if after undertaking is furnished, refusal to pay occurs, imprisonment for contempt. Bastardy actions would by this test clearly lean toward criminal actions.

This statute then being quasi-criminal will come under the provisions of paragraph 86 of Chapter 2 of the Code of Criminal Procedure which provides that all proceedings of a quasi-criminal or penal nature—shall be filed within three years after the commission of the offense or crime made the basis of the prosecution or proceeding.

*Eben W. Martin, Norman T. Mason,* for Appellant.

The original statute of this state as to bastards is found in the Compiled Laws of 1887, Sections 5560 to 5568.

In 1893 the Legislature passed an act which is identical with the present law, excepting that it attempted to give jurisdiction to the county court where it is now given to the circuit court, and excepting as to the amount payable during the first year after the child's birth and the length of notice to be given principal and sureties on defendant's bond. Chap. 24, Laws 1893, p. 45.

The present law was adopted by the Legislature of 1899, and is found in Rev. Code Civ. Proc., Sec. 807-816. It is the same

as the law of 1893 excepting as just noted, and excepting that it contains the additional provision: "In any hearing or examination or trial under this article, evidence of the previous unchastity of the female shall be admissible." Chap. 50, Laws 1899, p. 56.

The present statute of limitations, which appellant claims is controlling in this action, was adopted in 1907, and is embodied in section 86, Rev. Code Crim. Proc., and is as follows: Chap. 129, Laws 1907, p. 195.

Prior to this amendment of 1907, the statute was: "In all other cases (except murder) an indictment for a public offense must be found within three years after its commission." Comp. Laws 1887, Sec. 7114; Rev. Code Crim. Proc. 1903, Sec. 86.

The part of the statute of limitations on which appellant relies in this case, was, therefore, introduced into the law in 1907, viz., "And all proceedings of a quasi-criminal or penal nature * * * within three years after the commission of the offense or crime."

State v. Knowles, 10 S. D. 474.

This decision of State v. Knowles, though subsequent in time to that of Scott, is not therefore opposed to the latter; since it was based upon the old Compiled Laws which contained an explicit provision that the proceeding should be tried as a civil action at law, and which has been repealed by the present revision; while the statute passed upon in State v. Scott was the later act of 1893, and was identical in its terms with the present statute excepting as to the court having jurisdiction of the offense.

Still later, in June, 1904, this court had occasion to consider the bastardy statute now in force. State v. Patterson, 100 N. W. Rep. 162, 18 S. D.

The case of State v. Patterson is not an authority on this appeal for two reasons: First, because the only part of the opinion necessary to a decision of the case was that the statute of limitations is not available on demurrer but is waived unless asserted by answer.

Second, the Patterson case is not an authority here because when that decision was given, the limitation act upon which ap-

pellant relies had not been passed; nor was it passed until two years thereafter. Appellant goes further and insists that the decision in the case of State v. Patterson strengthens instead of weakens his contention in the case at bar. That decision held, whether by way of dictum or otherwise, that under the law as it then stood six years was the limitation for a bastardy proceeding. The prior decision of State v. Scott had held that a bastardy proceeding under a law practically identical with that which was in force when the Patterson decision was given, and which is now in force, was quasi-criminal. Having in view these two decisions, the one holding the bastardy limitation to be six years as for "an action upon a liability created by statute" and the other holding such a proceeding to be quasi-criminal, the Legislature of 1907 passed the amendment now relied upon, expressly providing that "all proceedings of a quasi-criminal or penal nature shall be filed within three years after the commission of the offense or crime."

*Royal C. Johnson,* Attorney General, and *Samuel C. Polley,* for Respondent.

Some of the courts hold the proceeding to be wholly civil, others hold it to be quasi-criminal, and still others hold it to be criminal. In some of the states this proceeding seems to be classified by the wording of the statute, and in some it seems to have been classified arbitrarily by the court. The weight of authority, however, is to the effect that the proceeding is civil. The cases are collected and grouped in 5th Cyc. 644, and nothing would be gained by citing them here. It is a significant fact, however, that a number of the states, viz.: Arkansas, Chambers v. State, 45 Ark. 56; Illinois, Scharf v. People, 24 N. E. 761; Kentucky, Head v. Martin, 3 S. W. 622; Massachusetts, Young v. Makepeace, 103 Mass. 50; N. Carolina, State v. Addington, 11 A. & E. Ann. C. 314 (143 N. Car. 683.) that formerly held the proceedings to be criminal or quasi-criminal in the earlier decisions, have in the later decisions, decided that the proceeding is civil, and that too, without any change in their statutes.

But, there are a number of other features of the proceedings that tend to make it purely civil, as for instance, it is not necessary that the jury be satisfied "beyond a reasonable doubt" in

order to sustain a verdict for the plaintiff, but a mere preponderance .of the evidence as in other civil cases is sufficient. Again, the action is transitory. It may be maintained in any county where the defendant may be found, while criminal actions must be prosecuted in the county where the offense was committed. It is not even necessary that the child be born or be begotten within the state, the only requirement is that the action be begun in the county where the defendant may be found, and all that is necessary to be proved by the evidence is that the defendant is the father of the illegitimate child and that the mother is unmarried.

But the matter has been set at rest in this state by the decisions of this court. State v. Scott, 7 S. D. 619, and State v. Bunker, 7 S. D. 639.

The county courts were deprived of their jurisdiction in these cases after the first day of January, 1895, and this court in State v. Knowles, 10 S. D. 471, held that sections 5560-8, Comp. Laws, had not been repealed. This left section 5565 Comp. Laws which declared that these cases should "be tried as a civil action at law," still in force. The Knowles case was decided in February, 1898.

The present law was passed in 1899, (Chapter 50, Laws of 1899), but did not come before this court until after the revision of 1903. The Code Commission created in 1901, considered this act a civil proceeding and substituted Chap. 50, Laws of 1899, for Chap. 37, Comp. Laws. This was approved by the Legislature of 1903, and thus Chapter 50, Laws of 1899, became Chapter 37 of the Revised Code of Civil Procedure.

This was the state of the law when Chapter 129 of the Laws of 1907, came before the Legislature, and this being the state of the law, how can it be contended that that law included bastardy proceedings? That law included only public offenses and "proceedings of a quasi-criminal or penal nature."

WHITING, J. [1] This was an action brought under chapter 37 of the Code of Civil Procedure, known as the bastardy statute charging defendant with being the father of the illegitimate child of one Florence Patterson, and seeking a judgment requir-

ing such defendant to contribute to the support of such child. The action was brought more than three years and less than six years after the birth of such child.   The defendant pleaded the bar of the statute of limitations, claiming that section 86 of the Code of Criminal Procedure, as amended by chapter 129, Laws 1907, applies to an action under said chapter 37.   Said section reads as follows:   "Section 86.   In all other cases an indictment or information for a public offense and all proceedings of a quasi-criminal or penal nature including the forfeiture of existing rights shall be filed within three years after the commission of the offense or crime made the bases of the proscution or proceeding; and be it further enacted, that this act shall apply to all such offenses and crimes as have heretofore taken place and to all pending proceedings in any of the courts of this state."   The trial court held that such section did not apply; that the action was not barred, and, upon the verdict of the jury, rendered judgment against defendant.   From such judgment, defendant has appealed; the sole question presented upon the appeal being whether the above holding of the trial court was correct.

It is the contention of appellant that this action is, in its nature, quasi criminal; respondent insists that it is purely civil, and that therefore section 86, supra, has no application thereto. We are of the opinion that respondent is correct.

[2] To determine the nature of an action, we should look, not so much to the method of procedure to be followed, as we should to the end to be attained.   This action is one brought, not in any sense to punish the defendant for an offense, legal or moral, but to compel such defendant to furnish money "for the support, maintenance and education of such child," if he be proven to be the father of same.   Section 811, Code of Civ. Proc.

[3] In f-ing the place for trial, it makes no difference where the cause of action arose, where the child was born, or where the mother or child may be domiciled at time action is brought.  State v. Patterson, 18 S. D. 251, 100 N. W. 162; State v. Etter, 24 S D. 636, 124 N. W. 957, 140 Am. St. Rep. 801.   Except when statutes forbid, the mother may make settlement with the putative father.   The rules of evidence are those of a civil case.   It is

true that the method of procedure partakes, especially in connection with the inception of the action, very much of the nature of proceedings in a criminal action. This is not because the action is in any sense criminal in its nature, but rather because, from the very necessity of the situation, it is necessary to secure the person of the defendant and compel the giving of security, in order to insure the value of any judgment that may eventually be found against the defendant. The proceedings under our statute are outside of the original arrest, no more criminal in their nature than are those under our statute providing for arrest and bail in a civil action.

In the case of In re Walker, 61 Neb. 803, 86 N. W. 510, under a statute very similar to our own, the court held, in accordance with a long line of decisions, that the action was civil in character; and the court quoted the following from the case of Stokes v. Sanborn, 45 N. H. 276: "Indeed, it is quite obvious that the object of the law is to redress a civil injury, by compelling the putative father to aid the mother in the support of the child, and to indemnify the town chargeable with its support against the expenses which may be incurred thereby, giving to the court the power to require of the father or the mother, or both, security against this liability. * * * Some of the forms of this proceeding, it is true, are borrowed from the criminal law; but these are simply with the view of giving a more summary and stringent character to the process by which the respondent is brought into court and held to answer the charge, leaving it in most other respects to stand upon the footing of ordinary civil causes. It is therefore held in Marston v. Jenness, 11 N. H. 156, and Little v. Dickinson, 29 N. H. 56, that the respondent is not arraigned, but appears and pleads by attorney. Under a similar law in Massachusetts, this is held to be a civil proceeding. Wilbur v. Crane, 13 Pick. 284; Williams v. Campbell, 3 Metc. 209. So in Mariner v. Dyer, 2 Greenl. [Me.] 165; Hinman v. Taylor, 2 Conn. 357; Robie v. McNiece, 7 Vt. 419; Gray v. Fulsome, 7 Vt. 452; Smith v. Lint, 37 Me. 546. * * * The service in these cases is by arrest of the body, and security taken for the appearance of the respondent at the proper court, by bond, and, al-

though the form of the proceeding is more summary, yet in substance it is like the cases of arrest and bail in ordinary civil process; and, upon a careful consideration of the question, we are of the opinion that a trial and judgment may be had without the personal attendance of the respondent, or that judgment may be rendered on default."

In some of the earlier decisions of this court, it was held that the action was quasi criminal in its nature; but, in State v. Patterson, supra, which also involved the question of the bar of the statute of limitations, this court held the action to be civil in character; and that it was not barred until the expiration of six years from time cause of action arose. Appellant insists that what was said in that case upon each of these points was mere dictum and unnecessary to the determination of the real question then before the court, and, furthermore, calls attention to the fact that section 86, supra, as it now reads, was not then in force. We are content to sustain the views of this court as expressed in that case; the same being sustained by the great weight of authority.  5 Cyc. 644; notes to State v. Adington, 11 Ann. Cas. 316.   It follows that section 86 of the Code of Criminal Procedure has no application.

The judgment of the trial court is affirmed.