The petitioner applied for a writ of habeas corpus to the judge of the district court of Wells county. From an order denying that application, the petitioner prosecutes this appeal.
No rule of practice is better settled in this jurisdiction than that a final order in a habeas corpus proceeding is not appealable. It was so held in Carruth v. Taylor, decided by this court in November, 1898, and reported in 8 N.D. 166, 77 N.W. 617. When the attention of *Page 165 
counsel for the petitioner was directed to this rule, at the time of the oral argument, a stipulation was made between the parties, with the consent of this court, that the proceeding be treated as an original application for a writ.
On December 13, 1922, the petitioner was sentenced to serve ninety days in jail and to pay a fine of $200. On the same day, the trial court made an order suspending the jail sentence "until the further order of the court herein." On September 28, 1925, the judge of the trial court entered an order revoking the suspension as aforesaid, and directing the sheriff to execute the jail sentence against the prisoner pursuant to the judgment entered on December 13, 1922. In the order of suspension the following recital suggests the reason for the revocation: "the defendant has again been arrested, charged with violating the liquor laws of this state and a repetition of the original charge herein."
It is the contention of petitioner's counsel that the trial court was without power to revoke the suspension of the sentence because "the period of time that elapsed when the order revoking order suspending sentence was made (September 28, 1925) was greater than the maximum period for which petitioner might have been sentenced for the crime (sic) which he was sentenced."
This application is controlled in all respects by the decision of this court in Ex parte Pfann, 53 N.D. 389, 206 N.W. 230. There the facts are in all material respects identical; counsel for the petitioner in the case at bar there made the same contention he makes in this proceeding; and there this court held that his position was wholly devoid of merit. That the trial court has the power to revoke the suspension of a sentence, in the circumstances disclosed in this record, is settled law in this jurisdiction, as appears from the decision and the authorities cited in Ex parte Pfann, supra.
The application is denied.
CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BIRDZELL, JJ., concur. *Page 166