This is an action brought to establish the paternity of a child born to Ruth Haney, an unmarried woman, on the seventh day of October, 1925.
The case was tried to a jury, and a verdict was returned finding the defendant, Grant McKay, to be the father of said child. A motion for a new trial on the ground of newly discovered evidence was denied, and the defendant appeals from the judgment and from the order denying a new trial. At the trial the defendant was called for cross-examination under § 7870, Comp. Laws 1913, and defendant's attorney objected on the grounds, that his testimony might incriminate him, and on the further ground, that the defendant could not be compelled to be a witness against himself. The objection was overruled, the witness *Page 803 
was compelled to testify, and defendant assigns the overruling of the objection as error.
It is the contention of the defendant, that while the statute provides that such proceedings shall be governed by the law regulating civil actions, that to compel defendant to be a witness in such action deprives him of the constitutional privilege guaranteed by section 13 of the Constitution, which provides that no person can be compelled to be a witness against himself in a criminal action. Section 10,395, Comp. Laws 1913, also provides that no person can be compelled to be a witness against himself in a criminal action. Under the Constitution and the statute, no person can be compelled to be a witness against himself in a criminal action, but the privilege is personal and must be claimed by the defendant in person under the sanctity of his oath. It cannot be claimed by or through his attorney. Not only must the witness claim the privilege in person, but he must state under oath that the answer will tend to incriminate him. State v. Kent (State v. Pancoast) 5 N.D. 516, 35 L.R.A. 518, 67 N.W. 1052. Since the privilege was not claimed by the defendant, the overruling of the objection was not error.
This is not a criminal action. In 1923 the legislature adopted chapter 165, Laws 1923, which distinguishes the criminal and civil proceedings, and provides that a criminal prosecution under §§ 28 and 29 of said act shall not be a bar to, or be barred by civil proceedings to compel support. The proceedings thus far, to establish the paternity of the child, and to enter judgment for its support against the father for its support, are civil. If he fails to comply with the judgment without lawful excuse, he may be prosecuted under §§ 27-29. Section 26 gives the court continuing jurisdiction over the proceedings to compel support, to increase, or decrease the amount. Under § 22 the court may require the father to give bond and may send him to jail for failure to comply with such order, or may put him in charge of a probation officer. The law is not intended to punish the father, but is a police regulation to protect and aid the mother and the child, and to prevent the child from becoming a public charge.
In the case of State v. Southall, 50 N.D. 723, 197 N.W. 866, this court held: that the rules governing trials in civil actions apply to this kind of proceedings. State v. Brandner, 21 N.D. 310,
 *Page 804 
130 N.W. 941; and State ex rel. Patterson v. Pickering, 29 S.D. 207, 4 L.R.A.(N.S.) 144, 136 N.W. 105, holds such action is a civil proceeding. The law on the question of whether the action is criminal, or civil, is collected and cited in note to State v. Addington, 11 Ann. Cas. page 316. Even in states which hold that the action is quasi criminal it is in fact, and in nature, a civil action. Since the proceeding is governed by the law in relation to civil actions, it follows, that the defendant might be called for cross-examination.
The defendant assigns as error certain leading questions, asked of the witness Mrs. Jones and the witness Ruth Haney, in relation to the illicit relations between the defendant and Ruth Haney in January and February, 1925. The questions are leading, but the defendant was not prejudiced by such questions or their answers, for the reason, that defendant's attorney had previously on cross-examination of Ruth Haney as it appears in the transcript pages 49-51 brought out the very facts inquired about in the leading questions asked by the state's attorney. Defendant's attorney showed in this cross-examination that Ruth Haney went to Emden the latter part of the first week in January, 1925, along about the sixth of January, and the illicit relations between Ruth Haney and the defendant were continued on four or five occasions, after the sixth day of January, 1925, and during her stay in Emden in January, 1925. There is no merit in the contention of the defendant that the evidence is insufficient to justify the verdict. The defendant and Ruth Haney met in February, 1923, and within two or three months from their meeting, their illicit relations began, and continued until the spring of 1925, except for short periods when Ruth Haney was in Casselton. We have carefully examined the record and we do not see how the jury could have returned any other verdict under the evidence.
The defendant has picked out and assigned as error certain parts of the instructions of the court to the jury. For instance, the court defined preponderance of evidence as follows, "It does not mean the greater number of witnesses that have testified on one side or the other, nor does it mean the greater volume of testimony on one side or the other, nor does it mean that you should set up the testimony of the state as against the defendant's testimony, or the testimony of the defendant against the state." This is only part of the instruction *Page 805 
which continues, "You are to take into consideration all of the testimony, both that on the part of the state, and on the part of the defendant, consider, compare, and weigh altogether, and from your consideration and weighing all the testimony together, to determine whether or not, the state has proven by fair preponderance of the evidence that Grant McKay is the father of the child born to Ruth Haney on the seventh day of October, 1925."
We are of the opinion that there is no error in the instructions and that they are as favorable to the defendant as the law and the evidence warrants.
The defendant entirely failed in his application for a new trial on the ground of newly discovered evidence, and the judgment and the order denying a new trial are affirmed.
CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.