## STATE OF NORTH DAKOTA, Respondent, v. AARON SUKUT, Appellant.

(213 N. W. 961.)

**Illegitimate children — action to establish paternity — complaint of mother — in name of state.**

1. Where proceedings were brought before a Justice of the Peace under the

55 N. Dak.—27.

Uniform Illegitimacy Act, chapter 165 of the Session Laws of 1923, upon complaint of the mother of the child whose paternity was involved, and a warrant of arrest issued, it was proper to entitle the proceedings in the name of the State; and the district court properly overruled a demurrer to the complaint thus entitled.

**Bastardy proceedings — preliminary examination waived — refusal to quash proceedings sustained.**

2. Where under the state of facts as hereinbefore stated, the defendant waived a preliminary examination before the justice of the peace and was held to answer to the district court, and the said justice did not thereafter have any testimony taken and reduced to writing, there was no error in the refusal of the district court to quash the proceedings because no examination was reduced to writing.

Opinion filed May 7, 1927.

Bastards, 7 C. J. § 81 p. 977 n. 76 New; § 82 p. 977 n. 77.

Appeal from the District Court of McIntosh County, *McKenna*, J. Affirmed.

*Arthur B. Atkins,* for appellant.

*Franz Shubeck,* for respondent.

BURR, J. This is an appeal from the judgment of the district court of McIntosh county wherein the defendant was held to be the father of an illegitimate child. There are seven specifications of error but they are summed up by the appellant in two propositions, involving the construction of chapter 5 of the Code of Criminal Procedure of the Comp. Laws 1913 (§§ 10,483–10,500) and of chapter 5a of the Code of Criminal Procedure as set forth in the Supplement (§§ 10,500-a1–10,500a37); viz. The action is brought in the name of the state of North Dakota; and, at the time of the preliminary hearing the examination of the witnesses was not reduced to writing. In the district court the appellant raised the objections as set forth in these questions involved and was overruled.

Appellant says this action should have been brought in the name of the mother of the child and not in the name of the state. A complaint, substantially conforming to the form set forth in § 10,483 of the Code of 1913 (Comp. Laws, 1913), and made by the mother of the child, was presented to a justice of the peace and a warrant of

arrest issued by him in conformity with § 10,484. These proceedings were commenced in March 1926 and therefore after chapter 165 of the Sess. Laws, 1923 was in force. The defendant was brought before the magistrate and on the fifteenth day of March, 1926, when the matter came on for hearing, he waived examination and was held to answer to the district court upon the charge of bastardy. In the district court the defendant demurred to the complaint, basing his objection on the ground that the action was commenced in the name of the state of North Dakota and not in the name of the mother. The defendant also moved to quash the proceedings because there was no examination of witnesses before the Magistrate and therefore that the examination was not reduced to writing as required by § 12 of chapter 165 of the Sess. Laws, 1923 being § 10,500a12 of the Supplement. In this opinion we refer to such chapter 165 under the headings and sections set forth in the Supplement.

While § 10,500a6 says that such proceedings may be brought by the mother, or by other persons under certain conditions, it does not prescribe a form; nor does it say in whose name the proceedings shall be brought. If §§ 10,483–10,500, inclusive, of the Comp. Laws, 1913 are repealed then there is no form prescribed by statute, and if they are not repealed then the form used in this case is in conformity with these sections of the Compiled Laws. The complaint in this case included all of the allegations prescribed by § 10,500a10, and the other sections in chapter 5a of the Supplement. It will be noted that this chapter 5a of the Supplement makes provision for a warrant of arrest to be issued, unless the complainant consents to the issuance of a summons "in the first instance as in other civil cases." See § 10,500a11. In the case at bar a warrant of arrest was issued and, of course, this warrant had to be issued in the name of the State of North Dakota. Complaint could be made in the form of an ordinary affidavit. The complainant could appear before the magistrate and make oral complaint. When she did this her statements would be reduced to writing and verified by her. See § 10,500a9. The very purpose of this is to make the matter informal. It is not a question of the title of the case, so much as it is a question of who makes the complaint. There is no merit in the contention that the action is not properly

entitled. The defendant was before the court on a warrant of arrest which had to be issued in the name of the state.

The other point raised by the defendant is that no testimony was taken at the preliminary hearing before the Magistrate. Section 10,-500a12 required the defendant to be brought before "the judge before whom the complaint was made or any other judge sitting for him." This was done as the defendant was brought in under the warrant of arrest. The judge in this case was the justice of the peace. All he could do would be to ascertain whether the defendant admitted the truth of the charge, and if not admitted then "proceed to examine the complainant and other witnesses and receive any other evidence that may be produced touching the charge." See § 10,500a12. It is clear from a reading of this section that those who drafted the bill had in view the theory that the defendant would be brought before a judge of the district court. It makes provision that if the defendant admits the truth of the charge the court "upon the return of the warrant" should make a final determination upon the evidence introduced, and proceed "to enter judgment against the defendant declaring paternity and for the support of the child." Of course, this could not be done by the justice of the peace. All he could do would be to hold the defendant to the district court, if the examination showed probable cause or if the defendant admitted the truth of the statement. It could hardly be claimed the Justice of the Peace, in case of admission, could enter judgment. In the case at bar the defendant waived a preliminary examination. He says, that nevertheless it was the duty of the justice of the peace to examine the witnesses and have the testimony reduced to writing. These proceedings are civil proceedings; and it is evident it is intended that they be treated as a civil case for §§ 10,500a11, 10,500a15 and 10,500a17 use the terms "other civil cases." It is only when there is a preliminary examination that the testimony needs to be reduced to writing. If the defendant fails to appear in the district court a trial must be had nevertheless, and testimony taken. Of course, defendant could demand the testimony of the complainant be taken, so he could have it read at the trial in the district court, but he did not do so in this case. He waived all these proceedings. There is no value in the magistrate taking the testimony when the defendant waives an examination, except in case of the death

of the mother before trial in the district court. A preliminary hearing provided for in § 10,500a12 means a hearing on testimony; and certainly the defendant could waive that hearing as he did. There being no hearing, there was no testimony to be taken. We are satisfied that this court made no error in refusing to quash the proceedings. This disposes of all of the questions raised and so the judgment is affirmed, with costs against the defendant.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.