STATE OF NORTH DAKOTA, Respondent, v. OSCAR VICK,
Hans Bratland, and O. C. Omang, Appellants.

(218 N. W. 214.)

**Illegitimate children — security to appear in bastardy proceedings — on at
next term without service of notice of trial and note of issue.**

Where proceedings are instituted by complaint and warrant, under the Uniform Illegitimacy Act (chapter 5a, Code of Criminal Procedure, 1925 Supplement to the Compiled Laws of 1913), to establish the paternity of a child and recover for its support, and where the defendant has been bound over to the district court and given security to appear at the next term, such case is regularly on the calendar of the next term of the district court without the service of a notice of trial and note of issue.

Opinion filed February 24, 1928. Rehearing denied March 21, 1928

Appeal from the District Court of Grand Forks County, *Englert,* J.
Affirmed.

*Theodore B. Elton,* for appellants.

These proceedings are civil proceedings, and it is evident that they
be treated as a civil case, for §§ 10,500a11, 10,500a15 and 10,500a17
use the terms "other civil cases." State v. Sukut, 55 N. D. 417, 213 N.
W. 961.

The proceedings thus far, to establish the paternity of the child and
to enter judgment against the father for its support, are civil. State
v. McKay, 54 N. D. 801, 211 N. W. 435.

*E. T. Meldahl,* States Attorney, and Charles A. Lyche, for respondent.

BIRDZELL, J. This record presents the single question as to whether
or not it is necessary in actions under the Uniform Illegitimacy Act
(§§ 10,500a1 to 10,500a37, inclusive, of the 1925 Supplement to the
Compiled Laws of 1913) to serve notice of trial in order to place a
case upon the calendar of the district court and bring the same to trial,
where, after preliminary hearing before a justice of the peace, a defendant has been bound over and has given security for his appearance.
The old illegitimacy act, which is superseded by the act above cited,

56 N. Dak.—36.

expressly provided (Comp. Laws 1913, § 10,489) that the trial of such proceedings should be governed by the law regulating civil actions; that the clerk should place the proceedings upon the calendar for trial at the first term of the district court after the papers were received by him, and that no notice of trial and note of issue need be served or filed. There is no similar provision in the new uniform act, but there is a provision to the effect that if the child is not born at the time set for trial the case shall, unless the defendant consents to trial, be continued until the child is born and that the defendant shall remain bound or held until trial (§ 10,500a14); and a further provision that the trial shall be by jury, if either party demands a jury, otherwise by the court, and that it "shall be conducted as in other civil cases" (§ 10,500a15); and that, if the defendant fails to appear, the security shall be forfeited and applied on account of the payment of the judgment, but that the trial shall proceed as if he were present (§ 10,500a16). The bond or recognizance obligates the defendant "to appear at the next term of the district court to be held in the county" (§ 10,500a13). We are of the opinion that the clear import of the provisions referred to is that when a defendant, upon examination, has been bound to the district court to answer to the charge in the complaint the matter is automatically on the calendar at the next term at which it could be tried without the service of a notice of trial. We think this meaning clearly appears from the provisions of the act referred to and that any contrary implication arising from the failure to re-enact the express provision to the same effect, which was contained in § 10,489 of the Compiled Laws of 1913, is entirely overcome. Of course, this would not necessarily apply to a proceeding instituted in the first instance, with the consent of the complainant, by a summons instead of a warrant (§ 8 10,500a11). Nothing herein said is to be considered as a qualification of any holding in State v. McKay, 54 N. D. 801, 211 N. W. 435, or State v. Sukut, 55 N. D. 417, 213 N. W. 961, wherein emphasis was laid upon the fact that proceedings under the Uniform Illegitimacy Act were civil proceedings and that the rules governing trials of civil actions are applicable. The act itself expressly so provides. Note of issue and notice of trial are steps taken *before* the trial for the definite object of placing a cause upon the calendar; and where proceedings are authorized under which a defendant is at once put on the defensive as against

a definite charge and is compelled to answer that charge at a time set, as where he has been bound over to the district court on a complaint in bastardy proceedings and has given bond for his appearance, every purpose of the notice of trial has been served. The case stands for trial by virtue of the proceedings already had.

The judgment is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.