## STATE v. DON RIEGEL.[1]

April 18, 1935.

No. 30,124.

*Smith & Lindgren,* for appellant.

*M. F. Kinkead,* County Attorney, and *Andrew R. Bratter,* Assistant County Attorney, for the state.

[1] Reported in 260 N. W. 293.

LORING, JUSTICE.

This is an appeal from an order denying defendant a new trial after a verdict had been rendered against him in a bastardy proceeding.

The complaining witness alleged several acts of intercourse with defendant between August 8, 1932, and August 20, 1932. The acts of intercourse are admitted by defendant, but he claims that they all took place on and shortly after September 11, 1932. May 12, 1933, complainant was delivered of a female child. Thereafter bastardy proceedings were instituted against defendant, and October 14, 1933, a jury returned a verdict of "not guilty." The county attorney moved for a new trial on the ground that the verdict was not justified by the evidence, and December 1, 1933, a new trial was granted. Upon the second trial the defendant was found "guilty."

Defendant's brief contains several assignments of error, the most important of which is that a bastardy proceeding is criminal in its nature and that the court had no power to grant a new trial after verdict in the first trial and that as a consequence defendant has been twice put in jeopardy.

With this contention we cannot agree. It has been repeatedly held in this state that bastardy proceedings partake of the nature of both civil and criminal actions, and it has been said that they are *quasi* criminal. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 827, and cases cited to note 75. The sole object of such proceedings is to establish paternity and the obligations arising in consequence thereof. An acquittal in such a proceeding is not admissible as a defense in a criminal prosecution for the same act of intercourse. State v. Kraus, 175 Minn. 174, 220 N. W. 547. The case of State v. Jeffrey, 188 Minn. 476, 247 N. W. 692, 694, appears to dispose of the defendant's contention in the case at bar. There, in reasoning to a conclusion that in a case of this kind the defendant might be called for cross-examination under the statute providing for such procedure in civil actions (2 Mason Minn. St. 1927, § 9816), the cases are reviewed and the conclusion reached that bastardy proceedings are essentially civil actions. It was there said [188 Minn. 480]:

"These proceedings carry some earmarks of a criminal proceeding, but the substance is purely that of a civil action, which we hold it to be."

It necessarily follows that in a bastardy case the state may be granted a new trial on proper grounds. We have examined the Wisconsin cases cited to the contrary but are not persuaded by their reasoning.

The other assignments of error have been given careful consideration but are found to be without merit.

Affirmed.