Eric Christopher JOHNSON,
Petitioner and Appellee,

v.

Ronald RAFTEVOLD, as Chief of Police
for the City of Fargo, Respondent
and Appellant,

and

Centre, Inc., Respondent.

Timothy DORNHEIM, Petitioner
and Appellee,

v.

Ronald RAFTEVOLD, as Chief of Police
for the City of Fargo, Respondent
and Appellant,

and

Centre, Inc., Respondent.

Civ. Nos. 920239, 920381.

Supreme Court of North Dakota.

Sept. 8, 1993.

Brian W. Nelson (argued), Nelson Law Office, Fargo, for petitioners and appellees.

Thomas J. Gaughan (argued), Asst. City Atty., Fargo, for respondent and appellant.

LEVINE, Justice.

Ronald Raftevold, as Chief of Police for the City of Fargo, appeals from district court orders granting petitions for writs of habeas corpus by Eric Christopher Johnson and by Timothy Dornheim, two DUI arrestees who refused a blood alcohol test and, under a municipal court policy, were scheduled to be detained for twelve hours. We dismiss the appeals.

■ Although the parties have not questioned the appealability of the district court's orders, we must dismiss an appeal on our own motion if we conclude that we do not have jurisdiction. *E.g. Thompson v. Goetz,* 455 N.W.2d 580 (N.D.1990). It is well established that an appeal from a final order in a habeas corpus proceeding is not permitted. *Jensen v. State,* 373 N.W.2d 894 (N.D.1985); *In Interest of Klein,* 325 N.W.2d 227 (N.D. 1982); *Carruth v. Taylor,* 8 N.D. 166, 77 N.W. 617 (1898). However, we have treated appeals from nonappealable orders as requests for the discretionary exercise of our supervisory jurisdiction to rectify errors or prevent injustice when fundamental interests are involved and no adequate alternative remedies exist. *Vorachek v. Citizens State Bank of Lankin,* 461 N.W.2d 580 (N.D.1990); *Thompson v. Goetz, supra; Garrison Memorial Hospital v. Rayer,* 453 N.W.2d 787 (N.D.

1990); *Odden v. O'Keefe*, 450 N.W.2d 707 (N.D.1990); *Minot Daily News v. Holum*, 380 N.W.2d 347 (N.D.1986).

In this case, we could exercise our discretion and review the district court's orders granting the writs of habeas corpus under our constitutional power of superintending control. *See In Interest of Klein*, *supra*. However, we decline to do so not only because the petitioners are no longer involuntarily confined [*In Interest of Klein*], but also because the same issues can be resolved in an appeal by the prosecution from an order dismissing the complaint against the DUI arrestees [Section 29–28–07, N.D.C.C. *State v. Hogie*, 424 N.W.2d 630 (N.D.1988); *City of Minot v. Knudson*, 184 N.W.2d 58 (N.D.1971)], or in the appeal by the DUI arrestees from judgments of conviction. Section 29–28–06, N.D.C.C.

Accordingly, we dismiss the appeals.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.