### FOR THE

## COUNTY OF ORLEANS.

### AUGUST TERM, 1850.

---

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. LUKE P. POLAND,

---

## SARAH GRAHAM v. GEORGE MONSERGH.

A proceeding, for the purpose of affiliating a bastard child and compelling aid from the father in its support, is, in its nature, confined to causes of action arising within this state. Such a proceeding is altogether a matter of internal police, and in its very nature as exclusively local, as is the administration of criminal justice.

Where, in such case, it appeared, that the child was begotten and born out of the state, and that the parties never resided within this state, the mother being only temporarily here at the time the proceedings were instituted, and that the child, at the time of the trial, was in the care of a family residing in this state, the suit was dismissed, upon motion.

Graham *v.* Monsergh.

THIS was a complaint for bastardy, in which it was alleged, that on the eighth of July, 1847, a child was begotten by the defendant upon the body of the complainant at Stanstead in Canada East, and that said child was born a bastard at Walpole in the state of New Hampshire on the tenth of April, 1848, and was still living.

The defendant moved, that the suit be dismissed, alleging, that neither the defendant, nor the complainant, nor the bastard child, was, at the time of making the complaint, or at any time before or since that time, a citizen, inhabitant, or resident of the county of Orleans, or within the state of Vermont, and that the said child was begotten without this state.   The motion was demurred to, except so far as the facts therein stated may be varied by an agreement between the parties as to the facts, in which it was stated, that, at the time the complaint was made and the warrant issued, the complainant and her bastard child were temporarily in the town of Derby, in the county of Orleans, that the complainant, being a foreigner, had no settled residence, and that, at the time of filing the motion to dismiss in this case and for some months previous, the bastard child of the complainant was a resident of the town of Derby.

The county court, June Term, 1849,—POLAND, J., presiding,— overruled the motion to dismiss; to which decision the defendant excepted.

The case was then tried upon the plea of not guilty, and a verdict returned for the complainant, and an order of affiliation made.

*J. Cooper* for defendant.

The right of action, in this case, is created by statute, and hence must be local in its effects.   The object of the statute originally was, to provide for the maintenance of illegitimate children.   1 Tol. St. 379, sec. 1.   Rev. St. 348.   This statute cannot extend to children begotten and born in a foreign country.   Originally the right of action was first given to the overseer of the poor, and that only when the child was likely to become chargeable ; and the right of action ceases on death, or miscarriage of the woman.   1 Tol. St. 379.   The expression " *any justice in the same county* " means something in regard to locality.   It refers to the domicil of one of the parties,—either mother, putative father, or child.   The case of

*Allen* v. *Ford,* 11 Vt. 367, seems to have given the true construction to this expression. This prosecution is penal, and strictly penal, in its consequences; if so, it falls within the principle of *Slack,* *q. t.,* v. *Gibbs,* 14 Vt. 357.

*C. W. Prentiss* for plaintiff.

The child and the mother were in Derby, in Orleans county, for a few days, after the birth of the child, and then the suit was instituted,—and we insist properly; for it is a civil suit,—*Coomes* v. *Knapp,* 11 Vt. 543,—and in its nature transitory, not local. *Dennett* v. *Kneeland,* 6 Greenl. 460. *Williams* v. *Campbell,* 3 Met. 209. It is in its nature transitory, when considered as a suit to give relief, indemnity, or damages, to the mother, for the injury she has received,—or rather, for the burden imposed upon her. It is so, when considered under the pauper law system, that is, if the burden is cast, or is likely to be cast, upon a town in this state, the object of the law is to relieve such town. *Sisco* v. *Harmon,* 9 Vt. 129. Derby was the town, to which the child was likely to become chargeable, and there was the place, where the process should be instituted.

The opinion of the court was delivered by

REDFIELD, J. This is a complaint and proceeding, under the statute in regard to bastards and bastardy. The important facts, admitted on the record, are, that the child, which is confessedly not legitimate, was begotten and born out of the state, and the parties never resided in the state, the mother only being temporarily here, at the time the proceedings were instituted. The child resided, or was in the keeping of a family, which resided, in Derby in this state, at the time of the trial.

The court are well agreed, that a proceeding, for the purpose of affiliating a bastard child and compelling aid from the father in its support, is, in its nature, confined to causes of action accruing within the state. The remedy is a peculiar one, and given and regulated exclusively by statute, and has no fair or reasonable application to causes of action accruing out of the state. And if we allow a case, which accrued in a neighboring state, or province, to be brought into our courts, we could not exclude such a case, coming from

Japan, or farther India, or Kamschatka. Or, if we admit such cases to come into our courts from countries, where similar laws exist, we must, equally, from countries, where no such laws exist, and, for aught we can perceive, from those countries where polygamy is allowed to the fullest extent. We should thus be liable to become engaged in a species of knight errantry, in a ludicrous attempt to redress the wrongs and regulate the police of other countries, in matters which very little concern us. The truth is, the proceeding is altogether a matter of internal police, and in its very nature as exclusively local, as is the administration of criminal justice.

It is not necessary here to consider, how far the case of a woman, bona fide coming into this state to reside, before the birth of the child, might merit a different consideration. It is supposable, too, that, should the birth of such a child occur during the temporary absence of the mother from the state, with the continuance of the animus revertendi, she might, on her return to the state, be entitled to proceed against the father, under these statutes.

Judgment reversed and suit dismissed.