## Ellen Grant *vs.* Matthew Barry.

A complaint cannot be maintained in this commonwealth for the support of a bastard **child** begotten and born in another state, if both of the parents were then residents of **that** state, and the complainant has never become a resident of this commonwealth.

Complaint under the statutes relating to the maintenance of bastard children.

At the trial in the superior court, before *Morton,* J., it appeared that the child was begotten and born in Rhode Island, and that the complainant and the defendant, at the time when the child was begotten, lived in Providence, and the complainant never had a residence in this commonwealth. The defendant objected that on this account the complaint could not be maintained, but the judge ruled otherwise, and a verdict was returned for the complainant. The defendant alleged exceptions.

*J. Nickerson,* for the defendant.

*J. G. Locke,* for the complainant, cited *Williams* v. *Campbell,* 3 Met. 209; *Hill* v. *Wells,* 6 Pick. 108.

DEWEY, J. All the facts proposed to be given in evidence to maintain this complaint occurred in the state of Rhode Island, and all the actors were residents in that state. The inquiry then arises whether, in such a case, the mother of a bastard child, never having had a residence in this commonwealth, can avail herself of our statutes (Gen. Sts. *c.* 72) to maintain a prosecution in her own name against the putative father, in case he is found within our territorial limits and process has been duly served upon him. This proceeding, as authorized by our statutes, although partaking to a considerable extent of the nature of a criminal process, yet is deemed to be a civil action as to its mode of trial, and is to a certain extent a transitory action; it having been early settled that the prosecution was not limited to the particular county where the child was begotten, if the parties or either of them had removed to another county. This was formerly doubted, but is now the settled law. But we are not aware that any case has arisen in which it has been held that a prosecution could be maintained under circumstances like those of the present case.

The law of Rhode Island, where this case had its origin, and where the mother and child now reside, gives no right of action to the mother of a bastard child against the putative father. That state has its own legislation in relation to the maintenance of bastard children. By the provisions of the Rev. Sts. of Rhode Island, *c.* 52, the whole matter is placed in the hands of the overseers of the poor. They alone can make the complaint, and, upon the order for maintenance by the father, the money to be paid by the father for the support of the child is wholly to be paid to the town, and in case of non-compliance with the order the town council shall bind out to servitude such party for such length of time and for such wages as they may deem requisite and convenient. But the complainant now seeks to avail herself of the statute of Massachusetts, a statute bearing upon its face the strongest indications that it is a local provision for the

better securing of the proper maintenance of bastard children in cases where the mother and child reside in Massachusetts, and especially designed to protect our own towns from being burdened with their support as paupers. Hence we find the provision in Gen. Sts. *c.* 72, § 2, " If a woman entitled to make a complaint refuses or neglects to do so, when requested by an overseer of the poor of the place where she resides or has her settlement, or one of the alien commissioners, the superintendent of a state almshouse," &c., " the person so requesting may make the complaint ; " and again, in § 9, " No complaint shall be withdrawn, dismissed or settled by agreement of the mother and the putative father, without the consent of the overseers of the poor of the city or town in which she has her settlement or residence, or of one of the other officers named in section two, unless provision is made to the satisfaction of the court, to relieve and indemnify any parent, guardian, city, town or the state from all charges that have accrued or may accrue for the maintenance of the child."

These provisions all show that the statute of Massachusetts was not intended for the case of a mother of a bastard child, where such mother and child have never had a residence in this commonwealth.

It may be proper to remark that, in the provisions just stated, the present statute of Massachusetts differs from the earlier statutes by which the whole right of instituting the complaint and controlling the proceedings and disposing of the case were with the mother. This change was fully recognized by this court, and acted upon in *Sullivan* v. *Kelly,* 3 Allen, 148. By the existing statutes both of Rhode Island and Massachusetts, it seems quite obvious that the cases intended to be provided for were cases where the towns and cities of their respective states were interested in securing relief against being burdened with the mother and child as paupers. Upon the facts stated in the bill of exceptions, the court are of opinion that this complaint cannot be made and orosecuted in this commonwealth.

*Exceptions sustained*,