ALFREDA ROY *vs*. ALPHONCE POULIN.

Kennebec.    Opinion May 28, 1909.

*Bastardy Complaint.   Non-resident Mother.   Jurisdiction.   Revised Statutes,*
*chapter 99.*

1.  A non-resident mother of a bastard child may maintain filiation proceed-
ings against a resident of this State, though the child was begotten and
born in another State.

2.  Filiation proceedings by a non-resident mother are properly entered in
the county where the defendant resides.

On exceptions by defendant.    Overruled.

Bastardy complaint entered in the Superior Court, Kennebec
County at the January term, 1908.    The defendant is a resident
of Winslow in said county.    At said term of said court, the defend-
ant filed the following motion :

"And now comes the defendant on the second day of said term
and moves that said action be dismissed, because he says that this
Honorable Court has no jurisdiction, because the complainant is not
a resident of this State, has no legal residence in the same and that
the act of sexual intercourse and begetting of the child took place
outside the limits of this State, and that she is not a resident of
said County of Kennebec."    This motion was overruled and the
defendant excepted.

The case appears in the opinion.

*Louis B. Lausier*, for plaintiff.

*F. W. Clair*, for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH,
KING, BIRD, JJ.

EMERY, C. J.    The question is this : — Assuming the defendant,
a resident of this State, to be the father of a bastard child begotten

and born out of the State of a woman not then nor now a resident of this State, can the mother avail herself of our statutes and courts to compel him to contribute to the support of the child?

There are two views of this question, each well supported by authority. One is that the purpose of the statute is to secure the maintenance of illegitimate children liable to become paupers in the State, and hence the statute does not apply to the illegitimate children of non-resident mothers. The other view is that the statute converts an existing moral obligation of the father into a legal obligation, enforceable like any other legal obligation upon the obligor if within the jurisdiction. We think this latter view the correct one. The father· of .an illegitimate child is certainly under a moral obligation to assist the mother in its. maintenance. Our statute makes the obligation legal and enforceable. The moral duty is made a legal one, and we see no good reason why our courts may not enforce it, if the ·father is subject to our jurisdiction and the mother submits herself to it.

The statute is general and comprehensive. It is the mother who is authorized to invoke the statute. Overseers of the poor. cannot invoke it, except in her behalf. In case of her death pending the suit her executor or administrator is to prosecute it to final judgment. It is .her suit, her remedy. The statute does not limit the remedy to residents. It opens the door of the. court to any unfortunate mother of a bastard child without exception. If the court has jurisdiction over the father, it should not turn away a mother willing to submit herself to it. It should enforce upon persons subject to its jurisdiction at the suit of any aggrieved persons resident, or non-resident whatever the statutes of the State declare to be a legal duty.

In *Hodge* v. *Sawyer*, 85 Maine, 285, ·the complainant was a non-resident and the child was born in another State, yet the suit was sustained. ' True the child was begotten in this State while the mother was commorant here, but that circumstance was immaterial. It cannot matter where the child was begotten or born ; the duty to contribute to its maintenance is the same. In this case the defendant is a resident of this State, and is subject to our laws one

of which is that the father of a bastard child shall contribute to its maintenance at the suit of the mother.

As to the venue, the suit was rightly entered in the county of the defendant's residence, the plaintiff not being a resident in any county in the State.

*Exceptions overruled.*