STATE, Respondent, vs. OLSON, Appellant.

*January 12—February 5, 1929.*

198

For the appellant there was a brief by *Linderman, Ramsdell & King* of Eau Claire and *Ole J. Eggum* of Whitehall, and oral argument by *G. O. Linderman*.

For the respondent there was a brief by *William S. Ervin* of Minneapolis, *John C. Gaveney* of Arcadia, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Ervin* and *Mr. Messerschmidt*.

STEVENS, J. (1) Substantially the same evidence was found sufficient to sustain the finding of rape in the civil action brought by this unmarried mother against the defendant. The evidence is clearly sufficient to sustain the finding that the defendant is the father of the child here in question.

(2) By the judgment in the rape case the complaining witness has recovered all that she is entitled to receive in her own right. Under the instructions in that case, when the

defendant paid the judgment he fully discharged all of his obligations to the complaining witness. After the payment of that judgment his only obligation was to the child or to the public, if the child should become a public charge.

It is clearly demonstrated by a careful analysis of the statutes relating to bastardy made in *Francken v. State,* 190 Wis. 424, 435–442, 209 N. W. 766, that "the primary object of the legislature was to secure the protection and welfare of the child. . . . We have therefore two parties interested in a bastardy proceeding, who may be termed innocent parties, viz.: first, the child; and second, the public; and as between the two, it being apparent that the subject of the legislation is the child, the principal object is the welfare of the child, and the secondary one that of the public. . . . The mother, however, who has given birth to the child and upon whom largely rests the responsibility to nurture, educate, and raise the child, and who to a greater extent must bear the humiliation and disgrace of the unfortunate situation, under a proper construction of the act is next in order in the consideration of the court. . . . The mother is the natural guardian for the child; because the child is in the custody of the mother, and out of either her own means or the means which result from the institution of the bastardy proceedings she is under obligation to provide for the nurture and education of the child. No case holds that the amount received either in settlement or by judgment belongs to her as a matter of right, to be disposed of in any manner as she deems fit. She is authorized to become the recipient of the fund designed principally for the benefit and protection of the child, and the law recognizes her as the natural guardian." *Francken v. State,* 190 Wis. 424, 435–36, 441, 209 N. W. 766.

It is contended that by the payment of the judgment in the rape action the defendant has discharged all obligations to support this child, because, as he contends, the judgment

in that case includes the expenses of supporting the child. The amount of the verdict is such as to suggest some basis for his contention. But the record is barren of anything that would warrant a finding that such was the fact. The affidavits of jurors who sat in that case cannot be considered for the purpose of establishing the elements which they considered in arriving at their verdict in the rape case, because the instructions of the court clearly define the elements that might be considered by them in assessing damages.

It is clear from an analysis of the bastardy statutes made in *Francken v. State,* 190 Wis. 424, 209 N. W. 766, that any payment made to the mother of an illegitimate child, which is not approved as provided by the statutes, will not relieve the father of the obligation to support the child. The judgment here in question is not one "designed primarily to relieve the public of the probable burden of supporting a bastard child" or one "that is prosecuted mainly in the public interest," but it is one "primarily to compel the father to aid the mother in supporting the child and so . . . to enforce the father's natural obligation." That being the purpose of the action, it is one that may be maintained by a nonresident mother. *State ex rel. Reynolds v. Flynn,* 180 Wis. 556, 559–61, 193 N. W. 651.

The judgment here in question imposes no liability on the defendant except that of supporting his illegitimate child and of paying the costs of this prosecution. Sec. 166.10 of the Statutes requires that the defendant be committed to jail unless he give bond to the county for the performance of the judgment. This bond properly ran to the county in which the action was tried.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.