Commonwealth, Appellant, *v.* Bertram.

Argued November 19, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Philip Werner Amram,* with him *Edward G. Biester,* District Attorney, and *Willard S. Curtin,* Assistant District Attorney, for appellant.

*John Leslie Kilcoyne,* for appellee.

OPINION BY HIRT, J., December 18, 1940:

The indictment charged that defendant "being the putative father of Frances Patricia Bertram and Virginia Diane Bertram, children begotten and born out of lawful wedlock in the City of Washington and District of Columbia, the said children having been born February 9, 1939, and being now residents of the said City of Washington and District of Columbia, did unlawfully, wilfully and maliciously neglect and refuse to contribute reasonably to the support of the said Frances Patricia Bertram and Virginia Diane Bertram, contrary to the form of the Act of the General Assembly [1] in such case made and provided, ......" This

---

[1] Whoever, being a parent, wilfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth, is guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dol-

appeal by the Commonwealth followed an order quashing the indictment. A construction of the statute as applied to non-resident children is the question of law involved.

A consideration of the purpose of this legislation will throw some light on the intent and the meaning of its language. We are not in accord with defendant's contention that this section of the Criminal Code must be construed as a supplement to the fornication and bastardy acts and that its real purpose is to make fornication and bastardy a misdemeanor punishable by fine or imprisonment. The misdemeanor created by the act is wilful neglect or refusal to support bastard children, a separate and distinct offense, and not fornication and bastardy. *Com. v. Wibner*, 73 Pa. Superior Ct. 349. The act, in accordance with the modern trend, was designed to ameliorate the injustice of the common law in relation to the status and rights of illegitimate children, and to convert the moral duty of the father into a legal obligation to provide for their support and maintenance. In the earlier support statutes and the decisions construing them emphasis was placed upon the protection of poor districts and the public funds as the pri-

---

lars ($500), or undergo imprisonment not exceeding one (1) year, or both.

Before the trial, with the consent of the defendant indorsed on the bill of indictment, as now provided by law, or at the trial on entry of a plea of guilty, or after conviction, instead of imposing the fine herein provided, or in addition thereto, the court having regard to the circumstances and to the financial capacity of the defendant, may make an order, subject to change from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically, for such time and to such person as the court may direct. The court shall have the power to suspend the sentence herein provided, and release the defendant from custody on probation, in the manner provided in cases of desertion and nonsupport, provided that the defendant has entered into a recognizance, in such sum, with or without surety, as the court shall direct, for compliance with such order. Act of June 24, 1939, P. L. 872, §732, 18 PS 4732, pars, 1 and 3.

mary purpose, with aid to a wife or children as secondary and incidental. The act in question is obviously broader in its scope and the emphasis is reversed with the welfare of the children and enforcing the obligation of the father to support them as the first if not the only considerations.

To enforce a support order against an unwilling parent is difficult at best, and as we view the act, punishment was provided for the misdemeanor in aid of its main purpose so that a defendant, with the alternative of suffering the penalty of fine or imprisonment, would find it to his advantage to support his children. In §731 of the same Code, a re-enactment of prior legislation, we find a like statute similar in purpose, making it a misdemeanor for a husband wilfully to neglect to support his wife or legitimate children, with the same provisions for an order of support and suspending of sentence during compliance. The maximum penalties for that misdemeanor are the same as those of §732, negativing the inference that any sentence imposed under §732 is to be regarded as punishment for fornication and bastardy and not for the failure to support. Though in this case parentage is a distinct and essential element and must be strictly proven, the jurisdictional requirements of a prosecution for fornication and bastardy do not apply. *Com. v. Wibner,* supra.

A majority of us are of the opinion that the phrase of the act "whether within or without this Commonwealth" refers to the residence and domicile of the child and does not limit the application of the act to children actually domiciled in this state. A penal statute directed against one residing within the jurisdiction of the court for the failure within this state to provide for the support of a child begotten, born and residing in another state is a proper exercise of legislative authority under the police power; the domicile and residence of the father of a minor bastard child gives legislative jurisdiction to put upon him the onus of sup-

porting his child wherever residing. The jurisdiction of the court of quarter sessions "is fixed by the common law and the statutes declaring its powers. It is clearly within the power of the legislature to enlarge or restrict that jurisdiction" within constitutional limits. *Com. v. Andrews*, 24 Pa. Superior Ct. 571. The indictment charges a completed offense committed wholly in this state and the court has jurisdiction of it unaffected by the fact that these children take the domicile of their mother and reside beyond the state.

Statutes of this kind, where the unqualified purpose is to compel support, are generally construed in aid of non-resident children by necessary implication. "A statute of the state of domicil of the father of a minor bastard child will be there applied to compel him to contribute to the support of the child, irrespective of where the mother is domiciled unless the statute provides otherwise": Restatement, Conflict of Laws §455. The comment following the statement of this principle indicates that it applies to both criminal and civil statutes exercising "the state's police power either to punish misconduct or to impose the onus of supporting a child upon its natural parent." The more recent decisions uniformly apply a similar rule. in *Com. v. Dornes*, 239 Mass. 592, 132 N. E. 363, in construing a statute making the failure to support an illegitimate child a misdemeanor, an order upon a father for the support of non-resident illegitimate children, was affirmed. There was no reference to the residence of the mother or children in the act. *Roy v. Poulin*, 105 Me. 411, 74 A. 923 is to the same effect. It was there said: "The statute does not limit the remedy to residents. It opens the door of the court to any unfortunate mother of a bastard child without exception. If the court has jurisdiction over the father, it should not turn away a mother willing to submit herself to it." See also *State v. Flynn*, 180 Wis. 556, 193 N. W. 651; *Kolbe v. The People*, 85 Ill. 336; in re *Zimmer*, (N. D.) 253

N. W. 749; *Hawley v. The State,* 69 Ind. 98; *McGary v. Bevington,* 41 Ohio St. 280; *Moore v. State,* 47 Kas. 772; *Sheay v. State,* 74 Md. 52; *State v. Pickering,* 29 S. D. 207. The discussion of somewhat analogous principles by our courts is consistent with this construction. *Com. v. Hopkins,* 241 Pa. 213, 88 A. 442, in affirming this court on an opinion by Judge HEAD, held an order on a resident husband and father for the support of a non-resident wife and children to be valid under the Act of April 13, 1867, P. L. 78, 18 PS 1251, as amended. In commenting on that case this court said: "The husband was ordered to pay for the support of his wife and children resident in the State of Ohio, and while Judge HEAD tentatively suggested that the wife might not have lost the citizenship which had formerly been hers through her marriage with defendant, the affirmance of the order was not made dependent on that circumstance. The Act of 1867 is not limited in its application to citizens of this Commonwealth": *Com. v. Hawkins,* 80 Pa. Superior Ct. 520. This language is significant for the Act of 1867 as amended is silent as to the residence of wife and children.

Order reversed and the indictment is reinstated and the record is remitted with a procedendo.