## DICKS v. UNITED STATES.
### No. 898.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 27, 1950.

Decided March 22, 1950.

Arthur L. Willcher, Washington, D. C., with whom Jack Politz, Washington, D. C., was on the brief, for appellant.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was charged in the Juvenile Court of the District of Columbia with being the father of an illegitimate child.[1] After trial by jury he was found guilty and ordered to make annual payments, in semi-monthly installments, for the support of the child until it reaches fourteen years of age.

Appellant attacks the jurisdiction of the trial court. His contention is based on the fact that, while both appellant and the mother are residents of the District of Columbia and the child was born in the District of Columbia, the mother's testimony indicated that the acts of intercourse with appellant may have occurred across the District line in the State of Maryland. Appellant's argument is that he was charged with a criminal offense, that an essential part of that offense is intercourse with the mother, and that without proof that such acts occurred in the District the court lacked jurisdiction. This argument misconceives the nature of the proceeding under the statute. The proceeding is not criminal though it has been termed quasi-criminal. If the object of the statute was to punish the father for fornication there would be some merit to appellant's contention,[2] but its object is to provide support for the child.[3] The moral obligation of the father to support his illegitimate child is converted by the statute into a legal obligation and there is no legal obstacle against enforcing that obligation against the father in the jurisdiction where he is found, if the statute so provides.[4] Under our statute jurisdiction is conferred on the Juvenile Court if the child was born in the District, or if born outside and the mother is a legal

1. Code 1940, Supp. VII, 11-943 to 950.

2. Sheay v. State, 74 Md. 52, 21 A. 607; Commonwealth v. Losey, 79 Pa.Super. 75.

3. Williams v. Amann, D.C.Mun.App., 33 A.2d 633.

4. Roy v. Poulin, 105 Me. 411, 74 A. 923, 134 Am.St.Rep. 573, 18 Ann.Cas. 573; Commonwealth v. Dornes, 239 Mass. 592, 132 N.E. 363; Moore v. State, 47 Kan. 772, 28 P. 1072, 17 L.R.A. 714; State ex rel. Patterson v. Pickering, 29 S.D. 207, 136 N.W. 105, 40 L.R.A., N.S., 144; Commonwealth v. Bertram, 143 Pa.Super. 1, 16 A.2d 758; Restatement, Conflict of Laws, § 455.

resident of the District.[5] (Whether jurisdiction would exist under other circumstances, it is not necessary for us to decide.) This case meets both alternatives. The child was born in the District and the mother is a lifelong resident of the District. We are satisfied that the Juvenile Court had jurisdiction.

The second point claims error on the part of the trial judge in not granting a new trial on the ground of newly discovered evidence. This evidence was exhibited to the court in the form of affidavits made by two fifteen-year-old children. These affidavits, to use the language of appellant's brief, "show more or less clearly that the mother had relations with other men." The trial court ruled (1) that the evidence was not newly discovered, and (2) that it was merely cumulative and corroborative. Appellant argues that it was not cumulative or corroborative but "it thrusts into the case an entirely new issue." We assume this to mean that this evidence would tend to prove that one or more persons other than appellant may have been the father of the child. However the affidavits do not state when the alleged acts occurred, and evidence of intercourse by the mother with men other than appellant would not be admissible on the issue of paternity unless such acts occurred at a time when in the course of nature they could have resulted in conception of the child.[6] Whether testimony as to acts not within the period of conception would be admissible to impeach the testimony of the mother has been questioned in this jurisdiction.[7] No showing is made of an abuse of discretion by the trial court in denying the motion. Furthermore, the trial court was justified in holding, as it did, that there was no showing that the evidence was newly discovered. Appellant's brief states that this evidence was unknown at time of trial and could not then have been produced, but no explanation is given why it was not then known or could not have been discovered by the exercise of diligence. We think it proper to say that counsel who filed the motion for new trial and prosecuted this appeal did not represent appellant at trial.

The final claim of error relates to the refusal of the trial court to grant a new trial on the ground of alleged improper argument to the jury by Government counsel. The questioned argument was made in reply or rebuttal to argument by appellant's counsel, and was made without objection from appellant. We need not decide whether the argument was improper, because assuming its impropriety we still are not convinced that it was so prejudicial as to require a new trial in the absence of timely objection.

Affirmed.

---

5. Fuller v. United States, D.C.Mun.App., 65 A.2d 589.

6. Thomas v. United States, 74 U.S.App. D.C. 167, 121 F.2d 905.

7. Thomas v. United States, supra.