Somersworth Municipal Court, } No. 4082.
      Jan. 2, 1952.

STATE, *by Patricia Bosse, Complainant*

*v.*

RUDOLPHE TETREAULT.

*Leo M. Cater* for the complainant.

*Joseph E. Michael, Jr.* (by brief and orally), for the defendant.

KENISON, J.   The issue to be decided is the following: viz, can a nonresident mother of a bastard child begotten out of our state bring a proceeding under R. L., *c.* 128, to compel the alleged father, a resident of New Hampshire, to contribute to the support of said child.   This question has never been decided in this court.   See *Ford* v. *Smith*, 62 N. H. 419.   Its determination depends on the interpretation of our bastardy act for the common law afforded no remedy in such a situation.   *Clapp* v. *Brighi*, 93 N. H. 431.   Although bastardy proceedings in this jurisdiction are criminal in form, they are civil in nature.   3 West's N. H. Digest 795; Schatkin, Disputed Paternity Proceedings (1944) 25, 26.

Where, as is the case here, the statute does not expressly grant to or withhold from a nonresident mother the right to avail herself of its provisions, the courts are in conflict as to whether she can proceed under it.   *Roy* v. *Poulin*, 105 Me. 411; 50 Col. L. Rev. 707-709.   See anno. 16 A. L. R. (2d) 1098.   One view supported by the earlier cases, is that the purpose of the statute of the forum is to secure the maintenance of illegitimate children liable to become paupers in the state, and hence it has no application to illegitimate children of a nonresident mother.   *Graham* v. *Monsergh*, 22 Vt. 543; *Egleson* v. *Battles*, 26 Vt. 548; *Grant* v. *Barry*, 91 Mass. 459.   The other and more modern view is that the statute converts an existing moral obligation of the putative father to support his illegitimate offspring into a legal obligation, which attaches to him like any other transitory obligation which is enforceable against him if he may be found within the jurisdiction of the court regardless of his residence or the residence of the mother of the child.   *Roy* v. *Poulin, supra; State* v. *Olson*, 198 Wis. 197; see *Commonwealth* v. *Dornes*, 239 Mass. 592, 594; *Beattie* v. *Traynor*, 114 Vt. 238, 240; Restatement, Conflict of Laws, *s.* 455.   An authority on conflict of laws summarized the matter as follows: "The prevailing doctrine, while recognizing both the grounds stated as important grounds for maintaining the action, permits suit to be brought against the father at his residence though the child was begotten and born and the mother is resident in another state."   2 Beale, Conflict of Laws, 1431.

Revised Laws, chapter 128, section 1 gives to "any woman" the

right to make complaint and the warrant of the justice may be returnable in the county "in which the person so charged may reside." Section 4 provides: "If any man is found chargeable the court shall order him to pay such sum as they deem reasonable to the mother of the child or to the selectmen of the town liable by law for the maintenance of the child, to be applied for such maintenance. . . ; and the court may order him or the mother, or both, to give security to save the town harmless from all charge for the maintenance of the child." By virtue of sections 5, 6 and 9, if the mother abandons the complaint she has made, or neglects or refuses to make complaint, or neglects to prosecute the same or makes a false complaint, the town or county liable for the support of the child may intervene in or begin or continue an action against the person responsible.

While our bastardy act recognizes the purpose of saving the public from being charged with the maintenance of illegitimate children, it also recognizes the necessity of aiding the mother in the maintenance of the child. *Castles* v. *Welch*, 63 N. H. 369. Our bastardy act may be said to evidence such a double purpose, part public and part private, so that the nonresidence of the mother is not a bar to maintaining the proceeding. The first section of the bastardy act allowing any woman to maintain the action is particularly indicative of a broad and dual purpose to protect the mother as well as to protect the public. *State* v. *Saunders*, 66 N. H. 39, 82. Accordingly we subscribe to the modern view that this proceeding may be maintained even though the mother is a nonresident and the child may have been begotten and born outside the jurisdiction. *Cf. Littleton* v. *Perry*, 50 N. H. 29, 30.

*Exception overruled.*

All concurred.