## DAVIS v. DISTRICT OF COLUMBIA.

### No. 1452.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 1, 1954.

Decided Feb. 25, 1954.

Richard D. Gibbs, Washington, D. C., with whom George A. Hospidor, Washington, D. C., was on the brief, for appellant.

Hubert B. Pair, Jr., Asst. Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Harry L. Walker, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was found to be the father of an illegitimate child and was ordered to make specified payments for the support of the child. He has appealed and in his brief has presented two grounds for reversal.

His first and main argument is that the court lacked jurisdiction of the case. This argument is based on the following facts. Appellant is in the United States Navy and at the time the child was begotten he was stationed at a naval reservation in the District of Columbia. At that time the complainant was living in the District, but after becoming pregnant she moved to nearby Virginia where she continued to live until the time of trial. When this proceeding was initiated by her verified complaint she was then living in Virginia and the child was then unborn. About four months after the complaint was filed the child was born in the District of Columbia. After

birth of the child the Corporation Counsel filed an information and the trial followed.

Appellant's argument seems to be that the Juvenile Court has no jurisdiction for the institution of a paternity proceeding unless (1) the mother is a resident of the District of Columbia or (2) the child is born in the District of Columbia. He concludes that because this proceeding was instituted when the complainant was living in Virginia and before the birth of the child, the court was wholly without jurisdiction and that subsequent birth of the child in the District did not retroactively confer jurisdiction.

Under the former statute jurisdiction was conferred on the Juvenile Court if the child was born in the District or if born outside and the mother was a legal resident of the District. Code 1940, § 11–944. However, our present law enacted January 11, 1951,[1] makes no reference to the residence of either the mother or the putative father or to the place of birth of the child. It provides: "Any unmarried woman who is at least four months pregnant or who has been delivered of a child born out of wedlock, * * * may go before an Assistant Corporation Counsel for the District of Columbia at the juvenile court and accuse any man of being the father of her child and request his arrest." § 5. There follows provision for examination of complainant under oath and if there appears reasonable cause to believe that the accused person is the father of the child her complaint is reduced to writing and verified by her. Upon filing thereof the accused may be required to give bond for his appearance. Trial cannot take place until after the child is born.

The present law's failure to make jurisdictional requirement that the mother be a resident of the District or that the child be born in the District, was not unintentional. When its passage was under considera-tion the House Committee in its report[2] stated:

"Present law gives court jurisdiction to hear a paternity case only when mother is a bona fide resident of the District of Columbia or the child is born in the District of Columbia. Proposed bill is silent as to residence of mother or birthplace of child, based upon experience indicating that many illegitimate children become burdens upon the District even though residence of the mother is not established at the time of birth and the child is born outside of the jurisdiction. Looking forward to the time when legislation may be enacted in other jurisdictions, in more or less uniform terms, this provision would permit filing a complaint in this jurisdiction against a man who is a resident hereof and who has failed to accept responsibility for an illegitimate child born elsewhere."

The Senate Committee report[3] contained a letter from the chairman, committee on relations with the Juvenile Court, District of Columbia Bar Association, which stated: "The proposed bill would permit the filing of a complaint by the mother of an illegitimate child regardless of her legal residence, the place of birth of child, or her marital status, so long as the child and the putative father are in the District of Columbia." The Senate Report also contained a letter from the President, Board of Commissioners, District of Columbia, which stated: "Under existing law the court has jurisdiction in a paternity case only when the mother is a legal resident of the District or the child was born in the District. The bill eliminates these requirements."

 These varying statements may not be entirely consistent or entirely accurate, but they clearly disclose that the

---

1. Public Law 917, 81st Cong., Ch. 1225, 2d Sess., approved January 11, 1951, 64 Stat. 1240. Apparently through inadvertence this law does not appear in the 1951 edition with Supplement I of the District of Columbia Code.

2. H.R.Rep.No.3195, 81st Cong., 2d Sess. 3.

3. Sen.Rep.No.239, 81st Cong., 1st Sess. 2.

omission in the present law of reference to the matters of residence or the child's place of birth were deliberate and intentional. As we read the present law the jurisdiction of the Juvenile Court in paternity cases nowise depends on the residence of either the complainant or the accused or the birthplace or residence of the child. It appears to us that Congress has imposed an obligation on the father of an illegitimate child to support the child and has provided that such obligation may be enforced in the Juvenile Court if the father is found within the District of Columbia. As we pointed out in Dicks v. United States, D.C. Mun.App., 72 A.2d 34, a case under the former law, a paternity proceeding in this jurisdiction is neither criminal nor punitive in nature. Its object is to provide for support of the child. There is no legal obstacle against enforcing the obligation of the father in the jurisdiction where he is found, if the statute so provides,[4] and our present statute does so provide. We hold that this case was within the jurisdiction of the Juvenile Court.

■ The second claim of error in the brief is that the trial was "otherwise violative of due process of law," but the brief does not inform us in what respects such violations occurred. At oral argument complaint was made that certain witnesses for appellant residing beyond the territorial jurisdiction of the court were not subpoenaed. The record discloses that when the case was called for trial defendant's counsel was asked if he was ready for trial and he replied he was ready although several of his witnesses were not present. If counsel did not wish to go to trial without those witnesses he should have so informed the court and requested a continuance. We find no error.

Affirmed.

4. See cases cited in Dicks v. United States, D.C.Mun.App., 72 A.2d 34, n. 4. See also State v. Tetreault, 97 N.H. 260, 85 A. 2d 386; In re Zimmer, 64 N.D. 410, 253 N.W. 749.