MARY ANN PELAK *v.* STEPHEN KARPA

COURT OF COMMON PLEAS NEW HAVEN COUNTY FILE No. 55042

Memorandum filed June 3, 1957.

*Charles G. Iosco,* of Hartford, for the plaintiff.

*Andrew Pulaski,* of Meriden, for the defendant.

SIDOR, J. This is a bastardy action brought under § 3208d of the 1955 Supplement to the General Statutes. The complainant and her illegitimate child are residents of the state of New Jersey and were at the time this action was commenced. The defendant has filed a plea in abatement claiming this court has no jurisdiction of this action, because neither the complainant nor her child is domiciled in, or a resident of, Connecticut, and on the further ground that the justice of peace did not bind this action over "to the Court for the County wherein the complainant dwells."

Two issues are raised: One is whether residence or domicil of a complainant and her illegitimate child are jurisdictional requirements for a cause of action under § 3208d; the other is whether this court lacks jurisdiction because the justice of the peace failed to bind this cause to "the next court of common pleas for the county in which the complainant [dwells]."

It will be noted from a reading of the statute that no residence or domiciliary requirements are set forth. It is also evident that the statute intends to provide a method for assisting the mother to get

maintenance for the child from the putative father. The history of bastardy statutes similar to the Connecticut statute indicates a policy which favors the mother for the benefit of her illegitimate child.

The prevailing view with respect to the purpose of a bastardy statute is that the statute converts an existing moral obligation of the putative father to support his illegitimate offspring into a legal obligation. The latter obligation attaches to him in the same manner as any other transitory obligation which is enforceable against him if he may be found within the jurisdiction of the court, regardless of the residence of the mother. 7 Am. Jur. 683, § 85; 2 Beale, Conflict of Laws, pp. 1430, 1431; *State* v. *Tetreault,* 97 N.H. 260, 262; *Roy* v. *Poulin,* 105 Me. 411, 412. The reasons given in support of this view are as follows: (1) Bastardy proceedings are considered transitory in nature, subjecting the father to suit in the county of his residence. If the rule were otherwise, there would be no remedy where the father took care to cross state lines at the proper time or where the complainant and her child were, by force of circumstances, compelled to reside outside the state. 7 Am. Jur. 684; note, 16 A.L.R.2d 1098. (2) It cannot matter where the child was begotten, born or resides; the duty to contribute to its maintenance is the same. Where a court has jurisdiction over the father of a bastard child, it should not turn away a mother willing to submit herself to the court's jurisdiction. It should enforce upon persons subject to its jurisdiction, at the suit of any aggrieved persons, resident or nonresident, whatever the statutes of the state declare to be a legal duty. *Roy* v. *Poulin,* supra; *Commonwealth* v. *Dornes,* 239 Mass. 592, 594. (3) Most states, adhering to the so-called "private purpose" view, have by statute imposed upon the father of a bastard child the legal obligation to support it, recognizing

that the common law was not adapted to the public opinion of a modern Christian state and that a poor innocent child should not be suffered to famish as a victim of his father's lust. *State* v. *Tickle,* 238 N.C. 206, 209.

In Connecticut, the purpose of our bastardy law is to convert the moral obligation of the father into a legal obligation to support his illegitimate child and to shield the town where the child is resident from its support. The complainant-mother in a bastardy action in Connecticut has the rights of a party in an ordinary civil action, and her interest in such a case is a pecuniary one. *Hinman* v. *Taylor,* 2 Conn. 357, 360; *Van Epps* v. *Redfield,* 68 Conn. 39, 47. Therefore, there is no reason why our courts should not enforce upon the defendant in this action, who is subject to our jurisdiction, the legal duty of supporting his illegitimate child. Our Supreme Court has said that an action to obtain the benefit of our bastardy law is no different than an action for money had and received. *Hinman* v. *Taylor,* supra, 362.

With reference to paragraphs 1 and 2 of the defendant's plea in abatement, this court has jurisdiction in the instant case. Section 3208d does not, expressly or by implication, make residence or domicil of the mother and child a jurisdictional requirement.

The second issue in this case is whether this court lacks jurisdiction because the justice of the peace failed to bind this cause to "the next court of common pleas for the county in which the complainant [dwells]." The last quoted phrase, contained in § 3208d, relates to venue. This provision in no way sets up a jurisdictional requirement. It merely means that where a complainant has a cause of action, the matter shall be tried in a certain court.

The justice of the peace could not have bound the cause to the Court of Common Pleas for the county of the complainant's residence, because she resides outside the state of Connecticut.

Where, as here, the statute does not bar a non-resident from proceeding, we must next decide where the action shall be tried. Section 7747 of the General Statutes is our venue statute. It is an omnibus statute. It makes specific provision for venue with respect to civil actions relating to land. Then it goes on to provide: "[E]xcept as otherwise expressly provided, all other civil actions, if brought to the superior court or court of common pleas, shall be brought in the county . . . where the plaintiff or defendant dwells, if either or both of them are inhabitants of this state . . . ."

Venue is primarily a rule of convenience. *Friede* v. *Jennings*, 121 Conn. 220, 224; *Elliott* v. *Elliott*, 14 Conn. Sup. 316, 317. Sections 8180-8185 of the General Statutes set forth a town's rights in a bastardy action. These provisions refer to the town wherein the complainant dwells, since that town could become charged with the support of the child. As a convenience to the town, the venue should be set in the county wherein the town is located. Thus, the provision in § 3208d directing that the cause be bound over to the Court of Common Pleas for the county of the complainant's residence is, in a sense, a qualification to the general rule of venue as expressed in § 7747, which permits venue in the ordinary civil action to be either where the plaintiff resides or where, the defendant resides.

In other words, it cannot be said that, since § 3208d specifically directs the binding over to the court in the county of the complainant's residence, it is an excluding provision and that if the complainant does not dwell in a county in Connecticut such a fact is a jurisdictional defect.

The purpose of this so-called qualification is to provide convenience to the town wherein the complainant resides, *when the complainant is a resident of said town.* Since the town has a contingent interest in a bastardy case, this is only proper.

But, where the complainant is *not* a resident of any county in this state, the venue provision in § 3208d must be construed to permit the binding over to the county court of the defendant's residence.

The instruction given to the justice of the peace in the second sentence of § 3208d respecting venue should not be so narrowly interpreted so as to take from this complainant the broad substantive rights granted in the first sentence and the entire § 8180.

In view of the foregoing, it is decided that this court has jurisdiction and the plea in abatement is found insufficient. Therefore, the demurrer to the plea is sustained.