**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**SAMUEL BRADSHAW, Defendant**

J.D.R. 126/1966

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

February 8, 1968

FELIX A. BELLO, Assistant Attorney General, *for Government*

EDWARD J. OCEAN, ESQ., *for defendant*

MOORHEAD, *Municipal Judge*

---

### MEMORANDUM OPINION

Defendant has filed herein a motion to dismiss alleging that the complaining witness, Doreen Elliott, is not a resident of the Virgin Islands but is a resident of St. Kitts, W.I. He refers to our paternity statute, 16 V.I.C. § 291, which provides, in pertinent part:

§ 291. Paternity Proceedings.

(a) Proceedings under this chapter may be instituted by any female resident of the Virgin Islands who has delivered an illegitimate child or who is pregnant with a child which, if born alive, would be illegitimate.

\* \* \*

(c) The United States attorney,[1] on behalf of the government of the Virgin Islands, may—

---

[1] Functions transferred to the Attorney General by 3 V.I.C. § 114(6).

(1) if the mother of the illegitimate child neglects to institute the proceedings, or having instituted it fails to pursue it to completion: and

(2) if sufficient security is not offered and given to the government to save it from expense—institute a proceeding under this chapter against him who is accused of begetting the child, or may take up and continue a proceeding begun by the mother of the child.

* * *

 In support of his motion defendant has submitted a memorandum of law in which he has cited a number of cases, all of which are discussed in an annotation contained in 57 A.L.R.2d 689. The subject of which is the right of a non-resident mother to maintain bastardy proceedings. The cases generally deal with the legal principles applied where the statute is silent as to residence. Although these cases are of interest in showing the underlying theory and purpose of such statutes they are not of much assistance to the court because the Legislature has determined that the mother, herself, may not institute the proceedings unless she is a resident. Section 291(c), however, contains no residency requirement, and since the proceedings were brought by the Government of the Virgin Islands under this subsection they may be maintained even though the mother of the child is, in fact, a nonresident. See, in this connection, the case of State v. Tetreault, N.H., 1952, 85 A.2d 386. There, under a somewhat similar statute, the court commented that the dual purpose of protecting the mother and child on the one hand and society on the other was illustrated by the provisions of the statute giving both the mother of the child and the town or county liable for its support the right to maintain the action. Apart from this consideration it is the opinion of the court that the complaining witness here is a resident of the Virgin Islands within the meaning of the statute.

The Restatement of the Law, Conflicts of Law § 9(e), provides:

Use of the word "residence". The word "residence" is often but not always used in the sense of domicile, and its meaning in a legal phrase must be determined in each case. It is sometimes used as equivalent to "domicile"; sometimes it has a broader meaning; and sometimes it has a narrower meaning. It may mean something more than domicile; the domicile, namely, at which a person is resident. On the other hand, it may mean something less than domicile; a dwelling-place adopted for the time being, but not necessarily with such intention of making a home as to create a domicile, * * *

The word "resident" is treated by the cases cited in the above-mentioned annotation as meaning a person who is temporarily living or dwelling in a particular place, as opposed to one who has a permanent or established home or domicile there. The case of Davis v. District of Columbia, D.C., 102 A.2d 842, is illustrative. There the complainant who had been living in the District of Columbia moved to Virginia after she became pregnant. The court, after noting that the law had been amended to eliminate a requirement that the complainant be a resident, treated the complainant as a resident of Virginia because she was "living" there and upheld the ruling of the trial court in her favor. In Vezina v. Bodreau, R.I., 1957, 133 A.2d 753, the mother of the child, who was domiciled in Rhode Island at the time of conception, went to Massachusetts two months before the birth of the child "where she has since continuously resided." The court found her to be a resident of Massachusetts but ruled that the language of the statute which provided that complaint could be filed "by any woman within the state" did not exclude nonresidents, but only required that the complainant must make the complaint within the state.

In January, 1966, defendant, Samuel Bradshaw, came to the Virgin Islands from St. Kitts, W.I. He has remained

here since that time, his status for immigration purposes being that of a bonded alien on a temporary visa. In May, 1966, he was joined here by the complaining witness, Doreen Elliott, whose immigration status was that of a visitor. Upon her arrival Miss Elliott moved into the home occupied by defendant and his mother where she continued to reside until shortly before or after her child was born on September 19, 1966. Miss Elliott is still residing at St. Croix, her visitor's visa or permit having been extended from time to time to permit her to remain. Her child was born within the jurisdiction of this court and, by virtue of her birth, the child is a citizen of the United States, 8 U.S.C.A. § 1406(b), and entitled to remain permanently in the Virgin Islands.

██ An alien, whether or not he retains his domicile in the place where he formerly resided, may be a resident of any state or territory of the United States. Cervantes v. United States, Cir. 9, 1947, 163 F.2d 294, 296, and "Alien citizens, by the policy and practice of the courts of this country, are ordinarily permitted to resort to the courts for the redress of wrongs and the protection of their rights." The Disconto Gesellschaft v. Umbreit, 208 U.S. 570.

██ It is not disputed that the complaining witness, Doreen Elliott, has been living at St. Croix since May, 1966. For the purposes of determining residence, as opposed to domicile, her intent is not material; her actual presence here where she is living in an established home, whether for a definite or an indefinite period of time, is sufficient. Clark v. Reichman, Colo., 1954, 275 P.2d 952; Robinson v. Robinson, Pa., 1949, 67 A.2d 273, 275; Colon v. Pennsylvania Greyhound Lines, N.J., 1953, 99 A.2d 181, 182; Townsend v. Bucyrus-Erie Co., Cir. 10th 1944, 144 F.2d 106.

For the reasons stated, the defendant's motion to dismiss is hereby denied. Defendant, having been found to be the father of the female child born to Doreen Elliott on September 19, 1966, is hereby ordered to pay the sum of $5.00 each week for the support and maintenance of the said child at the Attorney General's office.