GOVERNMENT OF THE VIRGIN ISLANDS,
EX REL., LILLIAN BODIN

v.

DENNIS NEVILLE ANSEL BRATHWAITE, Appellant

No. 71-1068

United States Court of Appeals

Third Circuit

Argued January 26, 1972

Decided May 5, 1972

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for appellant*

JEFFREY RESNICK, ESQ., Assistant Attorney General, St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

## OPINION OF THE COURT

SEITZ, *Chief Judge*

This is an appeal from a judgment of the district court ordering Dennis Neville Ansel Brathwaite ("defendant") to contribute weekly payments toward the support of his illegitimate son.

Pursuant to 16 V.I.C. § 291(a) Lillian Bodin, the mother, petitioned the Municipal Court of the Virgin Islands for an order directing the defendant, a resident of the Islands, to pay child support. Mrs. Bodin was represented by the Office of the Attorney General of the Virgin Islands. Defendant responded to the petition by denying any paternal relationship with the child. The case then was removed to the district court where, after the court

overruled defendant's legal objections, the jury found that defendant was the father of the child. On the basis of this finding, the court entered the judgment for support from which the defendant appeals.

Defendant does not contest the jury's finding of paternity or the reasonableness of the amount of support allowed. Instead, his appeal rests on two independent contentions raised in the district court at the outset of those proceedings, namely, that regardless of paternity: (1) the court was without jurisdiction to act on Mrs. Bodin's petition since she was not a "resident" of the Islands as required by § 291(a); and (2) assuming jurisdiction, the applicable statute of limitations barred the maintenance by Mrs. Bodin of any action against the defendant for child support.

■■■ Defendant first contests the district court's ruling that Mrs. Bodin was a "resident" of the Virgin Islands within the meaning of that term in § 291(a).[1] This court has noted that the term "resident" has no precise meaning. See Willenbrock v. Rogers, 255 F.2d 236, 237 (3d Cir. 1958); United States v. Stabler, 169 F.2d 995, 998 (3d Cir. 1948). See generally Restatement of Conflicts of Law 2d, § 9(e). Rather, its definition varies with each statutory usage. See 28 C.J.S., Domicile § 2(b). We have been presented with only one case purporting to interpret "resident" as it appears in § 291(a). In Government of the Virgin Islands v. Bradshaw, 6 V.I. 386, 390 (1968), the Municipal Court concluded in dictum that "actual presence in an established home, whether for a definite or indefinite period of time, [was] sufficient." Defendant contends that this standard is incorrect as a matter of law. We cannot agree. Indeed, it is recognized that residence may be taken

---

[1] "(a) Proceedings under this chapter may be instituted by any female resident of the Virgin Islands who has delivered an illegitimate child or who is pregnant with a child which, if born alive, would be illegitimate."

to indicate merely one's momentary factual place of abode. See I Beale, Conflict of Laws, § 10.3 (135). Therefore, we sustain the district court's conclusion that the residency requirement of § 291(a) was satisfied by Mrs. Bodin's proof of physical presence in the Islands coupled with her intent to remain there for a measurable period of time.

■ The district court found that Mrs. Bodin filed her petition personally five months prior to trial. And as of the date of the hearing she had been living in the Islands continuously for approximately four months. Defendant is quick to point out the lack of proof demonstrating that Mrs. Bodin intended to continue her Virgin Islands residency once the trial proceedings concluded. However, such evidence would have bordered on proof of domicile or indefinite residency and was not necessary to sustain the court's conclusion that it had jurisdiction under § 291(a) as properly construed. On the basis of the facts as found by the district court we cannot find error in the court's conclusion that Mrs. Bodin was a resident of the Virgin Islands under § 291(a).

Defendant's second contention requires further development of the factual background on this litigation. The son for whom Mrs. Bodin seeks support was born on September 22, 1958, in Aruba, Netherlands Antilles. At this time both defendant and Mrs. Bodin were living there. In 1966 defendant moved to the Virgin Islands and the evidence would have justified the jury in finding that between the date of the child's birth and the date of Mrs. Bodin's petition defendant contributed sporadically toward the child's support. Defendant contends that the action for support arose in Aruba and that its five-year statute of limitations is controlling. The Aruban statute provides that a claim for support filed on behalf of an illegitimate child "expires after five years, starting to count from the day on which the child is born. . . ." The

district court agreed that this provision was applicable. Nevertheless, it concluded that, despite the lapse of over eleven years between the child's birth and the filing of Mrs. Bodin's petition, her cause of action alleging defendant's paternity was timely since it did not "arise" until defendant for the first time denied paternity in his answer.

■ We agree that Mrs. Bodin's petition was timely. However, our conclusion is based on reasoning different than that adopted by the district court. We do not believe that the Aruban statute of limitations controlled Mrs. Bodin's action under § 291(a) to any extent. Rather, we think that her petition seeking future child support involved consideration solely of Virgin Islands law. The parental obligation to provide child support is a continuing one and is transitory in the sense that it follows the parents throughout the period of years while their child remains within the scope of any applicable support statute. Here, Mrs. Bodin maintained her action exclusively under § 291(a). And, as a "resident" of the Islands she was entitled to institute support proceedings.

Assuming without deciding that the Aruban statute of limitations would have barred Mrs. Bodin's action in Aruba, it did not prevent consideration of defendant's paternity by the Virgin Islands courts for purposes of awarding child support under § 291(a). The sole basis presented by defendant for invoking the Aruban statute was 5 V.I.C. § 41, which provides:

"When the cause of action has arisen in any State, Commonwealth, Territory, or country between nonresidents of the Virgin Islands, and by the laws of the State, Commonwealth, Territory, or country where the cause of action arose an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in the Virgin Islands."

577

Mrs. Bodin's cause of action under § 291(a) did not "arise" until after her arrival in the Virgin Islands. And, at the time she filed her petition for future support for the child, defendant clearly was a resident of the Islands.[2] Thus, 5 V.I.C. § 41 here has no application and, consequently, the Aruban statute of limitations does not apply. Since defendant does not contend that any applicable Virgin Islands statute of limitations barred Mrs. Bodin's petition, we conclude that the district court properly determined that her action was timely.

The judgment of the district court will be affirmed.

---

ALDISERT, *Circuit Judge*, Dissenting

The district court found that mere physical presence in the Virgin Islands was sufficient to satisfy the residency requirements of 16 V.I. Code § 291(a): "Proceedings under this chapter may be instituted by any female resident of the Virgin Islands. . . ." The court declared:

> It is true that a matter of domicile, apart from Mrs. Bodin, is not really a permanent resident of the Virgin Islands. She does happen to be here within the jurisdiction physically. So for the time being, she is residing here and has been so residing for the past few months.

The majority approve this finding, but add the gloss that the district court also found an "intent to remain there for a measurable period of time." The district court found, and it is not controverted, that at the time of trial, Mrs. Bodin had been "so residing for the past few months." I find no reference by the district court to the critical issue of intent. Although I agree there are no chronological limitations in order to qualify as a resident, either tempo-

---

[2] Since 5 V.I.C. § 41 requires that both parties be "nonresidents" we need not decide whether the residency tests under 16 V.I.C. § 291(a) control as to Mrs. Bodin's status as a nonresident."

rary or permanent, that which distinguishes mere physical presence in a community from residence therein, is intention. An airline stewardess who intends to remain overnight in St. Thomas is not a female resident of the Virgin Islands. If she intends to stay two weeks or one month for a vacation, she still has not transferred her visitor status to that of resident.

Mrs. Bodin came to the Virgin Islands from Sweden, filed this paternity suit, and then departed. Later she returned to await trial. Thereafter, she departed again.

The Virgin Islands statute requires that the proceedings "be *instituted* by any female resident." Thus, the critical issue was the status of Mrs. Bodin at the time she instituted the proceedings, not at the time of trial.

I find that the decision of the district court was predicated solely upon (1) her physical presence in the Islands, and (2) the fact that she was living there for a "few months" prior to trial. This was not sufficient to qualify Mrs. Bodin as a "female resident" under the statute without an additional finding and supportive evidence that at the time she instituted the proceeding she intended to be a resident, whether temporary or permanent.

Because I find no jurisdiction, I would vacate the judgment.