**CERVANTES v. UNITED STATES.**
No. 11471.

Circuit Court of Appeals, Ninth Circuit.
Aug. 21, 1947.

Anna Zacsek and Howard A. Levine, both of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ernest A. Tolin, Chief Asst., and William Strong and Paul Fitting, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from conviction under the Selective Service Act of 1940, 50 U.S.C.A. Appendix, § 311, providing, so far as pertinent, that

" * * * any person * * * who otherwise evades registration or service in the land or naval forces or any of the requirements of [the Selective Service] Act * * * or who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act * * * shall, upon conviction * * * be ' punished * * * *."

The indictment charged appellant with (1) failing to report for induction and (2) going to Mexico to evade service in the armed forces. The jury brought in a verdict of guilty on both counts.

Defendant was born in Mexico on August 12, 1919, and was brought to the United States in 1923. He lived continuously around Los Angeles, California, and received his education there in the public schools, a grade school, junior high school and then trade school, continuing his schooling until 18 years of age. He married and made his home there, where he had three children, all born in the United States and whom he left there with his wife during the period of his stay in Mexico. He never declared his intention to become a United States citizen.

He registered for the draft in October 1940 and at no time tendered to his draft board his contention that he was an alien within any exemption from selection. Cf. Reg. 611.21 and succeeding paragraphs. In due course he was classified and received a notice to report for induction on November 9, 1942. On October 30, 1942, he left for Mexico with his uncle and a younger brother. His testimony at the trial is that he said he did so to avoid the draft and "keep from getting killed."

At that time male resident aliens were subject to selection for military service by the Selective Service Act of 1940, as amended in 1941, of which the pertinent portions are

"(3) (a) Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the ages of twenty and forty-five * * * shall be liable for training and service [55 Stat. 845] * * *.

(5) (a) * * * [except that] consular agents of foreign countries, and *persons in other categories to be specified by the President,* residing in the United States, who are not citizens of the United States, and who have not declared their intention to become citizens of the United States * * * shall be relieved from liability for training and service * * *". (Emphasis supplied.) 54 Stat. 887, as amended 55 Stat. 845, 50 U.S.C.A. Appendix, §§ 303 (a), 305 (a).

 The President created no other categories prior to the appellant's departure for Mexico, but through the Selective Service Regulations 611.13 on September 14, 1942, provided that a person connected with

a foreign government or a person who "*is* a member and in the *active* service of the armed forces of a co-belligerent or a neutral country" need not "present himself for and submit to registration." None of these provisions applies to appellant. Evidence tending to show that, *after* appellant ran away to Mexico on October 30, 1942, to avoid service for the United States, he for a few months was accepted for service in the neutral Mexican army, has no relevance to the issues here framed.

 Nor is there merit in appellant's contention that no alien resident whatsoever may be selected for service to the United States because there is no law or regulation fixing a standard by which the draft board may determine what constitutes a resident and hence that there is not the due process of law required by the Fifth Amendment. The question whether one is a resident not in the excepted categories is the same for the draft board as for a court of law and controlled by the same legal principles. This draft evader, 19 years in California, with three American citizen children in a Los Angeles home, protected and to be educated, as he was, under the laws of the State of California, is a resident of the United States within every conceivable standard. We take it that nothing said in the case of Ex parte Asit Ranjan Ghosh, D. C., 58 F.Supp. 851, cited by the appellant, is a holding to the contrary.

The United States entered into a treaty with Mexico in 1943 providing, so far as pertinent, that

"IX. Nationals of each country who have been registered for or inducted into the Army of the other country in accordance with the military service laws of the latter and who have not declared their intention to acquire the citizenship of the country in which they reside shall *upon being designated* by the country of which they are nationals and with their consent be released for military service in *its* forces provided that this has no prejudicial effect on the common war effort. * * *" (Emphasis supplied.) 57 Stat. 973, 976.

■■■ There is no merit in appellant's contention that this treaty had a retroactive effect, pardoning or making void the crimes of running away from the draft and failing to report in 1942. Had the treaty been signed before these crimes were committed it would have no application, for the facts do not show appellant was "designated" by Mexico as a person within its terms.

Appellant's above contentions were presented to the district court in proposed instructions to the jury. None has merit and the court committed no error in refusing them.

■■ Nor was there error in the court's refusal to continue the trial to obtain the evidence of a proposed witness who would testify to statements of the appellant, made to the proposed witness in 1945, that is over two years after the crimes were committed, to the effect that his "specific intent" in going to Mexico in 1942 was not what he had just testified on the stand, i. e., that he left for Mexico to avoid the draft and "keep from getting killed."

The judgment is affirmed.