UNITED STATES, Appellee

v

GUADALUPE J. LOPEZ, Private E–1,
U. S. Army, Appellant

10 USCMA 334, 27 CMR 408

No. 12,326

Decided April 10, 1959

*First Lieutenant Herbert R. Brown* argued the cause for Appellant, Accused. With him on the brief was *Captain Arnold I. Melnick.*

*First Lieutenant Frank J. McGee* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy* and *First Lieutenant George J. Miller.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Arraigned before a general court-martial on two charges of desertion, the accused moved to dismiss on the ground that he was not subject to trial by court-martial. The motion was denied and the ruling affirmed on the reviews below. The single issue presented on this appeal is the question of jurisdiction.

The accused was inducted into the Army March 31, 1945, under provisions of the Selective Service Act of 1940, as amended. At trial, the defense conceded the legal procedures for induction were observed, and that, in fact, the accused served for a time on active duty, and received pay and allowances. However, the accused contended he was a citizen of Mexico and had illegally entered the United States with his parents when he was two years of age. Although he resided continuously in this country, and attended schools and worked here, he argued that his initial illegal entry precluded his induction in the armed services.

Principally, the defense argument was based upon a provision of an Executive Agreement between the United States and Mexico. In substance, the Agreement provided that nationals of one country could be inducted into the military service of the other upon the "same conditions" as the latter's own nationals. Three exceptions were provided, one of which was "border crossers." Executive Agreement Series 323, January 22, 1943, 57 Stat 973, 976. See United States v Rodriguez, 2 USCMA 101, 6 CMR 101. The accused contended that he came within this exception. The Executive Agreement provides as follows:

"Nationals of either country who under the immigration laws of the other country are technical residents of that country known as 'border crossers' shall for military purposes be considered residents of the country in which they actually live."

The exception noted above clearly contemplates persons temporarily in the United States. They are exempt from military service. The point is made specific by the regulations of the Immigration and Naturalization Service in effect at the time. These show that border crossing identification cards were issued to persons whose business or personal affairs took them between the two countries, and who, during their stay, were temporary sojourners, not actual and continuous residents having a permanent abode. 8 CFR, 1945 Supp, § 175.41, et seq; for present provisions, see 8 CFR § 212.11 (1958 rev). Since the accused admits he entered this country illegally, he does not come within the exception known as "border crossers." The situation here is, therefore, almost identical to that in the *Rodriguez* case. Our decision in that case supports the law officer's denial of the motion to dismiss in this case.

On appeal, the basis of the claim of immunity from military service was shifted from the Executive Agreement to the Selective Service Act of 1940, as amended. 54 Stat 885, 55 Stat 844. Section 3 of that Act, as it existed at the time of the accused's induction, provided that, with certain specific exceptions which are inapplicable here, "every male citizen of the United States, and every other male person residing in the United States" was liable for training and service.

The Selective Service Act did not differentiate between persons resident in the country with permission, and those who entered illegally and thereafter remained. Under its plain terms the accused, who had lived in the United States since the time he was two years

**335**

of age, attended school, and was gainfully employed, was liable to induction. However, appellate defense counsel argue that the statute did not extend to aliens who entered the country illegally. In support of their argument they rely upon language in the opinion by the Court of Appeals for the District of Columbia in Kristensen v McGrath, 179 F 2d 796 (1949). There the petitioner, a Danish national, entered the United States under a 60-day temporary visitor's visa to visit relatives and attend the World's Fair in New York City. During the period of his visa, war broke out in Europe. As a result, he obtained two extensions of stay, each for six months. Before expiration of the second extension, he obtained employment. This act constituted a violation of the visa conditions. A deportation warrant was issued, but execution was stayed because of the impossibility of travel as a result of the hostilities in Europe. The stay remained in effect for several years. In the meantime, the petitioner filed for exemption from military service as the national of a neutral nation, and he married an American girl. At the cessation of hostility, he applied for suspension of the deportation order. The application was denied on the ground that his earlier request for military exemption barred relief. Claiming that the exemption bar was inapplicable because at the time he was not a person "residing in the United States," the petitioner sued for a declaratory judgment as to his right to naturalization. The Court of Appeals held that he was entitled to relief. Discussing the meaning of the word "residence," the Court, in part, said (pages 801–802):

. . . But wherever used, the term has an irreducible minimum of meaning. As we shall indicate, it requires at least an abode which is in some degree permanent and is the result of choice. *And where aliens are concerned, absent unusual circumstances, it also requires the consent of the sovereign.* Appellant's continued presence here was in no sense permanent, was not the result of choice, and was under the express dissent of the sovereign." [Emphasis supplied.]

Seizing upon the underscored sentence, appellate defense counsel maintain that an alien who enters illegally lacks the consent of the sovereign and consequently can never be a resident. The argument, however, misconceives the import of the decision. The case merely holds that a temporary visitor whose continued presence is specifically objected to by the proper Government officials, but who cannot leave the country because of extraordinary circumstances, does not change his status from transient or sojourner to resident. The situation here is just the opposite. The accused's abode in this country was in every sense of the word permanent; his presence was the result of free choice; and rather than dissenting to his stay, the United States, at the time, accorded him the privileges and rights of all other persons. The *Kristensen* case, therefore, is hardly authority to support the claim of exemption. Indeed, it is noteworthy that, in affirming the decision, the United States Supreme Court observed that " 'residence involves some choice . . . and that presence elsewhere *through constraint* has no effect upon it.' " (Emphasis supplied.) McGrath v Kristensen, 340 US 162, 175, 95 L ed 173, 184, 71 S Ct 224.

In United States v Rubinstein, 166 F 2d 249, 254 (1948), the Court of Appeals for the Second Circuit pointed out that an alien who enters this country illegally nonetheless can become a resident. The Ninth Circuit Court of Appeals had before it a case in which the alien entered illegally, but lived for nineteen years in California; attended school; married and sired three children. That court held that he was "a resident of the United States within every conceivable standard," and was, therefore, liable for military service under the provisions of the Selective Service Act. Cervantes v United States, 163 F 2d 294, 296 (1947). The record in this case shows that the accused was a resident, and, consequently, subject to induction in the armed forces.[1] Since

[1] In view of our conclusion on the principal issue, we need not consider whether the induction of a nonresident person is absolutely void or whether

it is conceded that the accused was properly inducted, he was subject to trial by court-martial for the offenses charged.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.

---

nonliability for service can be waived. Cf. United States v McNeill, 2 USCMA 383, 9 CMR 13; Harris v Ross, 146 F 2d 355 (CA 5th Cir) (1944).